■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DWIGHT S. (ANONYMOUS), Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 28, 1969, which (1) adjudicated him a youthful offender, upon his plea of guilty to acts which, if committed by an adult, would constitute reckless endangerment in the second degree, a misdemeanor, and (2) sentenced him to an unconditional discharge. Judgment affirmed. In our opinion, appellant was not placed in double jeopardy by prosecution of the youthful offender information charging him with reckless endangerment in the first degree (see Penal Law, § 120.25) after his conviction upon a guilty plea to reckless driving (Vehicle and Traffic Law, § 1190). The reckless driving information alleged that appellant had operated an automobile in a manner " which unreasonably interfered with the free and proper use of the highway and unreasonably endangered the lives of other users of said highways, to wit: the defendant forced other vehicles off the road, crossed sidewalks, went through red lights, crossed dividers." The youthful offender information (reckless endangerment) alleged that he had, " under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, to wit: said defendant did swerve his auto at two pursuing patrol cars, attempting to force them off the road, and further did drive at a patrol car, operated by Patrolman Robert Moores, striking said patrol car, and did drive at a patrol car, operated by Patrolman Robert Ryan, also striking said patrol car." Clearly, the two charges not only connote qualitatively different conduct but are based upon separate and distinct acts, each of which constitutes a violation of law (cf. *People* v. *Martinis,* 46 Misc 2d 1066). Conviction upon the reckless endangerment charge requires proof of elements or acts other and different from those required to convict of reckless driving. Therefore, prosecution of the former did not subject appellant to double jeopardy (*Matter of Martinis* v. *Supreme Ct. of State of N. Y.,* 15 N Y 2d 240) and his motion to dismiss the youthful offender information was properly denied. In addition, under the particular circumstances of this case, we find no merit in the claim that the judgment must be reversed because appellant was required to waive his right to a jury trial in order to qualify for youthful offender treatment. Although subdivision 3 of section 913-g, and section 913-h, of the Code of Criminal Procedure have been held unconstitutional insofar as they condition eligibility for youthful offender treatment upon a waiver of the right to trial by jury (*People* v. *Michael A. C.* [*Anonymous*], 32 A D 2d 554), we find that appellant's subsequent guilty plea, coupled with his failure to raise

any timely objection to a nonjury trial, constitutes an effective waiver of any right to a jury trial he might otherwise have had. There being no claim that his guilty plea was unvoluntary or coerced by his inability to obtain a jury trial, appellant's decision to forego any trial at all must be deemed a waiver of the included right to a jury trial (cf. *People* v. *Reyes,* 26 N Y 2d ——). Beldock, P. J., Christ, Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse judgment and grant a new trial, with the following memorandum: In my opinion defendant's guilty plea cannot be deemed a waiver of his right to a jury trial under the circumstances of this case. It is undisputed that subdivision 3 of section 913-g, and section 913-h, of the Code of Criminal Procedure are unconstitutional insofar as they require a defendant to consent to trial without a jury in order to become eligible for youthful offender treatment, and that any defendant who signed such consent and went to trial before the court alone would be entitled to reversal of an adverse determination, and a new trial by a jury, even though he had not objected to such procedure (*People* v. *Michael A. C.* [*Anonymous*], 32 A D 2d 554; *People* v. *Jerome C.* [*Anonymous*], 32 A D 2d 840). I see no reason why or how this defendant can be denied the constitutional right acknowledged by the cited cases, merely because he chose to plead guilty rather than risk the hazard of a trial without a jury. It may be, as the majority notes, that in this sparse record there is no claim by defendant that his guilty plea was coerced by his inability to obtain a jury trial, but that does not per se establish a knowing, voluntary waiver of his constitutional right to such trial, since it well may be that he would have been willing to take his chances on a trial if he could have gotten one by a jury while still retaining his eligibility for youthful offender treatment. In any event, we have already held that the signing of a consent to youthful offender treatment, accompanied by an explicit waiver of a jury trial — all without objection to such procedure — does not deprive the youthful offender of his right to a jury trial (*People* v. *Jerome C.* [*Anonymous*], *supra*). If such *explicit* act does not constitute a binding waiver, I fail to see how, in logic or justice, a guilty plea can be deemed an *implied* waiver that is more binding than an express one.