■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY P. KINNAMAN, Appellant. [747 NYS2d 842] —Appeal from a judgment of Ontario County Court (Doran, J.), entered September 29, 2000, convicting defendant following a nonjury trial of, inter alia, reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's motion to dismiss the indictment on double jeopardy grounds. The proof necessary to establish the elements of the traffic infractions to which defendant pleaded guilty in the Town Courts of Livonia and Richmond is different from the proof necessary to establish the elements of the offenses charged in the indictment. Thus, the constitutional prohibition against double jeopardy was not violated by the prosecution of the indictment (*see People v Dwight S.*, 33 AD2d 1032, *affd* 29

NY2d 172; *People v Lindsly,* 99 AD2d 99, 100-101; *see generally People v Prescott,* 66 NY2d 216, 221, *cert denied* 475 US 1150). Nor was the prosecution of the indictment barred by the statutory prohibition against separate prosecutions for offenses based upon the same criminal transaction (*see* CPL 40.20 [2]). Separate prosecutions for the traffic infractions and the offenses charged in the indictment were authorized under paragraphs (a) and (b) of CPL 40.20 (2) (*see Lindsly,* 99 AD2d at 101; *People v Green,* 89 Misc 2d 639, 640-641). Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.