Johh D. C'apilli, J.
The defendant has moved for an order dismissing the information herein for violating subdivision (a) of section 1180 of the Vehicle and Traffic Law in that it alleges that the defendant has been put in double jeopardy.
The circumstances surrounding this motion are of much concern to this court. That similar situations have not previously arisen or occurred more frequently speaks well for the care and diligence taken by the District Attorney of the County of Nassau and his staff in such matters.
The basic facts in this case reveal that a police officer observed the defendant driving in an erratic manner and at an excessive rate of speed. "While under observation by the police the defendant was involved in an automobile accident. "When the defendant exited from his automobile he was observed staggering, and when spoken to, he slurred his words. As a result, the defendant, Michael Billed, was charged with the following violations of the Vehicle and Traffic Law: 1. Section 1172 — passing a stop sign; 2. Subdivision (a) of section 1180 — doing 67 miles per hour in a 30-mile per hour zone; and 3. Subdivision 1 of section 1192 — driving while impaired.
As is the practice of the courts, a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law, driving while impaired, was sent to a conference part, the ultimate result being an attempt to work out a disposition between the People and the defendant, prior to trial. The other two violations, subdivision (a) of section 1180 and section 1172, did not accompany the file to the conference part but awaited their regular turn in a trial disposition part of1 the regular Traffic Court.
*1091 The records of this court indicate that on August 10, 1973, at 10:30 a.m., the Assistant District Attorney who was in charge of the conference part moved to have the driving while impaired charge (§ 1192, subd. 1) amended to one of speeding (Vehicle and Traffic Law, § 1180, subd. [a]). Based upon this amendment, the defendant herein pled guilty to the amended charge.
What was achieved as a result of the conference between the prosecutor and the defendant’s attorney was an agreement to amend the information to a speeding charge and to allow the defendant to plead to the amended charge. Why the prosecutor chose to reduce the driving while impaired to a speeding charge in lieu of any other commensurate violation of the Vehicle and Traffic Law is not clear. Examining these charges, it is evident that the amended charge is not a lesser included offense. What is dominantly clear is that the amended charge of speeding relates to, and is a part of, the same act which originally precipitated the charge now sought to be prosecuted by the People.
The need for plea bargaining is a necessary and recognized procedure recently acknowledged and reiterated by the United States Supreme Court in the case of Santobello v. New York (404 U. S. 257, 260), when it said: “ the disposition of criminal charges iby agreement between the prosecutor and the accused, sometimes loosely called ‘ plea bargaining, ’ is an essential component of the administration of justice. Properly administered, it is to be encouraged.”
The issue that confronts the court is whether there is a violation of former, or double, jeopardy. The resolution of this problem is not new to the courts of this State. (See 6A Abbott, N. Y. Digest [2d ed.], Criminal Law, § 163 et seq.; People v. Chessman, 13 N Y 2d 793.)
In opposing this motion the prosecution creates a distinction between a plea to an information and a plea after plea bargaining. In the latter, the prosecution contends there is no double jeopardy since the underlying information charged driving while impaired, an offense with entirely different elements from those included in the speeding charge. The prosecution further suggests that the court look to the original information and hold that the amendment was for the sole benefit of the defendant, that is, to reduce the risk he might face under the original charge. WTiile this, in all likelihood, is the case, and it is a well-known fact that a defendant is pleading to a lesser charge rather than expose himself to a conviction on the greater charge, the record herein clearly indicates that the defendant was con *1092 victed and sentenced solely for a violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law and not for the charge of driving while impaired.
GPL 40.20 clearly and unequivocally states that a person may not be prosecuted for the same offense twice or separately for two offenses based upon the same act or criminal transaction.
In addition to the GPL, section 6 of article I of the New York State Constitution guarantees a basic right to a defendant giving the protection that he cannot twice be placed in jeopardy for the same crime.
The defendant has previously pled to the amended charge of violating subdivision (a) of section 1180 and is still faced with an outstanding charge of subdivision (a) of section 1180 which was part of the original charges that were placed against him at the time of the occurrence. These two charges are identical and fall within the purview of the Constitution of the State of New York (supra), and within GPL 40.20.
That a defendant may not be separately prosecuted for two offenses based upon the same act or criminal transactions is amply supported by People v. Chessman (13 N Y 2d 793); People ex rel. Ostwald v. Craver (272 App. Div. 181); People v. Sherman (45 Misc 2d 92).
In passing, the court comments that it would be better practice if all of those Vehicle and Traffic Law offenses were sent together to a conference part, thus alleviating the problem that has arisen herein, and it would be appropriate at that time to dismiss a duplicate offense in satisfaction to the amended plea.
The defendant’s motion to dismiss the speeding charge (Vehicle and Traffic Law, § 1180, subd. [a]) is granted pursuant to subdivision 2 of GPL 40.20.