Arnold W. Proskin, J.
The defendant has moved to dismiss the indictment pending upon the ground that prosecution thereof would violate defendant’s rights and would constitute double jeopardy and that therefore prosecution is barred under CPL article 40.
The facts of this case are undisputed. On August 2, 1974, the defendant caused a disturbance on the street in front of 129 Clinton Avenue, City of Albany, at about 10:07 p.m. He engaged in conduct which, according to the information filed in the Albany Police Court, consisted of shouting obscene language at two police officers. The information charged defendant with the violation of disorderly conduct, under subdivision 3 of section 240.20 of the Penal Law. Defendant pleaded guilty in Police Court and was duly sentenced. The’ defendant was subsequently indicted by the Grand Jury of Albany County for assault, second degree, based upon the physical attack and resultant physical injuries inflicted upon a police officer who arrested him for the disorderly conduct. On the eve of trial, defendant raises a double jeopardy question, to which the court addresses its attention.
In support of the motion defendant cites the holding in People v Fernandez (43 AD2d 83), an Appellate Division, *359 Second Department case. In that case the defendant was involved in a street disturbance, including the use of loud and abusive language, noise and name-calling directed at police officers. When the officers sought to disperse the crowd, the defendant engaged in a scuffle with the officers and was charged with disorderly conduct, resisting arrest and assault, second degree. After being tried and convicted of the disorderly conduct twice, the conviction was reversed and the complaint dismissed. The indictment, which had been pending during the other prosecution, was finally prosecuted. Defendant was convicted and appealed. The Appellate Division, Second Department, reversed the conviction, upon the ground that there was an identity of the elements of the offenses and the evidence, such that prosecution for the assault would violate the provisions of CPL article 40. I believe that the facts of the Fernandez case and the case at bar may be distinguishable, in that there may have been proof of physical violence involved in the disorderly conduct charges in Fernandez, which is not the case at bar. However, assuming arguendo that the Fernandez case and the facts of the matter before me are indistinguishable, I am not persuaded by the reasoning of the court in Fernandez and will not follow its holding.
The allegations of disorderly conduct as charged against the defendant herein involve name calling and abusive language. This conduct is substantially different from assault, in the second degree and, as alleged in the indictment, is sufficiently different in time and substance as to stand the tests of CPL 40.10 (subd 2) and CPL 40.20. Defendant’s motion is therefore denied.
' Defendant has also moved to dismiss the indictment upon the ground that the testimony before the Grand Jury fails to support the crime charged, in that there is no showing of "serious physical injury” or "substantial pain”, as required to constitute assault, in the second degree (Penal Law, § 120.05; § 10.00, subd 9). After reading the Grand Jury minutes in camera the court finds that they contain allegations of pain of a substantial nature and meet the standard set forth by the Court of Appeals in People v McDowell (28 NY2d 373). The relief sought is therefore denied.
Defendant’s motions are denied, in all respects and the matter set down for trial forthwith.