Marvin I. Goodman, J.
This is a motion to dismiss a simplified traffic information, charging the defendant with the traffic infraction of operating a motor vehicle while under the influence of alcohol. (Vehicle and Traffic Law, § 1192, subd 1.) The defendant in actuality is moving pursuant to CPL 170.30 (subd 1, par [c]) alleging the instant prosecution is barred by double or former jeopardy (CPL 40.20). He also seeks relief pursuant to the relevant provisions of CPL 40.40.
Allegedly, the defendant was operating a motor vehicle, westerly on Jericho Turnpike, within the Village of Floral Park on the evening of October 29, 1974. A Floral Park police officer has sworn that the defendant was traveling in excess of the posted speed limit within the village. The defendant was charged with a violation of subdivision d of section 1180 of the Vehicle and Traffic Law and upon apprehension, the officer also determined that the defendant was under the influence of alcohol. Apparently, the defendant was then placed under arrest and taken into custody.
Both charges obviously emanate from the same transactions and events of October 29, 1974. Unfortunately, the subsequent prosecution of the defendant upon the two separate offenses took distinctly unique prosecutorial paths.
Two separate "simplified traffic informations” (CPL 1.20, subd 5, par [b]) were filed against the defendant. One charged the defendant with a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law which was filed in this court and is the subject of the instant application. The second was issued by the arresting officer and charged the defendant with a violation of subdivision d of section 1180 of the Vehicle and Traffic Law and was filed with the Village Justice Court, Incorporated Village of Floral Park. Both the Village Court *236 and this court are defined as "local criminal courts” (CPL 10.10) and as such either would have the requisite authority to adjudicate both offenses. (See Uniform District Court Act, §2001; CPL 10.30.)
It is undisputed that in reference to the violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law a conference was held in the District Court with a representative of the District Attorney’s office and the attorney for the defendant on November 19, 1974, at which time the speeding charge pending in the Village Justice Court of Floral Park was revealed to the District Attorney, and that the District Attorney’s office took no position relative to that charge in the Village Court.
Further, on December 12, 1974, apparently as a result of plea bargaining, the defendant was permitted to plead guilty to a violation of section 1111 (subd [d], par 1) of the Vehicle and Traffic Law (passing a red signal light) in satisfaction of the speeding charge pending in the Floral Park Village Court. As a result of that plea, the defendant now contends that the charge which is the subject matter of this application must be dismissed upon the grounds of jeopardy. (CPL 40.20; NY Const, art I, § 6.)
Both offenses undoubtedly arose from the same criminal transaction, and although each offense had as a common element the operation of a motor vehicle, they also contained elements which were not elements of the other. This court is constrained to conclude, however, that the statutory provisions of both offenses, i.e., operating a motor vehicle while impaired by alcohol and speeding were not designed to prevent substantially different kinds of evil or harm. (See CPL 40.20, subd 2, par [b].) The roots of both offenses are, in the opinion of this court, firmly entrenched in the legislative objectives of the promotion of highway safety. It appears, therefore, that to permit further prosecution of the defendant after lawful adjudication of the speeding violation in the Floral Park Village Court, would be violative of the prohibition against separate prosecution for two offenses based upon the same act or criminal transactions. (CPL 40.20, subd 2; People v Chessman, 13 NY2d 793; People v Billeci, 77 Misc 2d 1089.)
There is still another aspect of this case which should be commented upon. Assuming that jeopardy within the meaning of CPL 40.20 did not accrue to this case, the prosecutorial *237 methods utilized herein would nevertheless be statutorily defective. The court is well aware that the simplified form prescribed by the Commissioner of Motor Vehicles as a "simplified traffic information” in fact permits only one violation to be charged on each form regardless of the Criminal Procedure Law provisions which provide for more than one offense to be charged on each instrument (see CPL 100.10 subd 2, par [a]; Vehicle and Traffic Law, §207; 15 NYCRR Part 91). Nevertheless various charges would, under the circumstances enumerated in CPL 200.20 be joinable for trial. (See, also, CPL 100.45, subd 1.) The filing of two separate "simplified traffic informations” in two separate and distinct forums, charging the defendant with two offenses which arose from the same criminal transaction, in fact constitutes separate prosecutions, and upon a plea of guilty to one, dismissal of the second is mandated, pursuant to the rules enunciated in CPL 40.40.
The court is constrained to grant this application upon the facts herein. However, a similarly poor result may be avoided in the future. To insure the proper administration of justice, those police departments within our county which may have occasion to encounter bicameral jurisdictional problems should be made aware of the potential procedural pitfalls, and initiate similar prosecutions in but one forum.
The motion is granted and the simplified traffic information is dismissed in all respects.