Oscar Murov, J.
The defendant is charged with two counts of assault in the second degree under subdivision 3 of section 120.05 of the Penal Law.
He moves to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [e]) upon the grounds that prosecution of the *732 within indictment is barred by reason of a previous prosecution. The People oppose defendant’s motion.
For the purpose of the motion, the facts as set forth in defendant’s affidavit are not disputed and are the facts herein found by the court:
On December 24, 1975, the defendant and his wife were driving in their automobile. They were approximately two blocks from their home when they were pulled over to the side of the road by a team of Suffolk County police officers in a marked radio car. Both officers exited the vehicle and each demanded to see a license and registration from both defendant and his wife. Apparently, the officers believed that defendant, who was then seated in the passenger seat had been driving immediately prior to the car being pulled over. Defendant was unable to produce a license pursuant to the direction of the officer and was ordered out of the vehicle. Words were exchanged and a scuffle between the defendant and the police officers thereafter ensued.
As a result of this episode, defendant was charged with five offenses including (1) failure to dim headlights, (2) driving with a revoked license, (3) resisting arrest, (4) second degree assault, and (5) attempted murder.
Defendant was arraigned on the above charges in Suffolk County District Court. He ultimately found himself facing charges arising out of the incident pending in both County Court and District Court.
The affidavit further sets forth an undisputed chronological recitation of events leading to the present state of this matter. So far as it is germane to the within motion, the recital in defendant’s affidavit may be summarized by indicating herein that defendant called attention to the fact that the companion matters were not reflected in the indictment; that defendant suggested that the companion matters then pending in District Court should likewise be tried in County Court; that defendant has maintained throughout he would regard a prosecution of the District Court matter as a bar to subsequent prosecution of the within indictment; that defendant suggested to the Assistant District Attorney that the case in the District Court be presented to the Grand Jury; that the People felt only the resisting arrest charged posed double jeopardy problems and caused such charge to be dismissed; that defendant entered a guilty plea to the driving with a *733 revoked license charge in satisfaction of the District Court case.
It is defendant’s contention that all charges arising out of the incident were "joinable” pursuant to CPL 200.20 (subd 2, par [a]) and that a prosecution of charges not so joined is barred by CPL 40.40 (subd 1). Defendant contends his guilty plea to the revoked license charge constitutes a previous prosecution within the meaning of CPL 40.30 (subd 1, par [a]) which operates as a bar to all charges arising out of the same transaction that could have been joined in a single accusatory instrument.
The CPL defines the term "criminal transaction” as: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” (CPL 40.10, subd 2.)
The People contend all the charges were not a part of the same "criminal transaction” in that connection in the circumstances of commission, was lacking between the traffic offense and the assaults. They further maintain that the two species of charges do not share common elements and that each is governed by statutory provisions designed to prevent different kinds of evil (CPL 40.20, subd 2, par [b]).
Addressing itself to the People’s latter contention, the court would note that CPL 40.20 (subd 2) was designed to modify the "same transaction rule” derived from Ashe v Swenson (397 US 436) which prohibits a second prosecution based upon the same transaction as a former one. "[A]ware of the pitfalls in so broad a rule (see Fisher, Double Jeopardy, Two Sovereign-ties and the Intruding Constitution, 28 U of Chi L Rev 591, 610-612; see, also, Ashe v Swenson, 397 US 436, 453, n 7, supra), the Legislature followed, and wisely some of us think, the lead of the Model Penal Code (ALI, Model Penal Code, Proposed Official Draft [1962], § 1.09, subd [1], par [c]; § 1.10) and engrafted six exceptions upon it (see CPL 40.20, subd 2, pars [a]-[f]).” (Matter of Abraham v Justices of N Y. Supreme Ct, 37 NY2d 560, 565.) Thus, in New York, offenses arising out of the same transaction may be separately prosecuted provided they are distinguishable from each other in a manner described by any of the six exceptions and are not subject *734 to compulsory joinder. "The scope of these limited exceptions is itself limited by the rules regarding joinder of offenses.” (Pitler, New York Grim Prac, p 78; GPL 40.40, subd 1.)
Defendant cites People v Salter (39 AD2d 593); People v Kephart (77 Misc 2d 921); People v Fernandez (43 AD2d 83) and People v Montone (82 Misc 2d 234) in support of his argument for dismissal.
In Salter, consecutive sentences imposed upon conviction of the defendant for driving while intoxicated and resisting arrest were modified to run concurrently based upon the Appellate Division’s determination that the offenses were committed as parts of a single incident or transaction.
In Kephart, the defendant was separately charged in District Court and County Court for the possession of hashish. The court found both possessions likely to have been part of a single criminal incident but denied the motion to dismiss on double jeopardy grounds because the lesser charge was disposed of by an adjournment in contemplation of dismissal as opposed to a guilty plea. The court said it would have been obliged to dismiss had the lesser charge resulted in a guilty plea.
In Fernandez, the court determined that the crimes disorderly conduct, resisting arrest and assault had common elements and should be tried simultaneously when they arise out of the same transaction. (Cf. People v Bynum, 81 Misc 2d 358, distinguishing the facts therein from, and declining to follow, Fernandez.)
In Montone, the defendant, who was allegedly speeding and upon apprehension found to have been intoxicated, found himself charged with one simplified traffic information in District Court and another in Village Justice Court. The District Court information was dismissed as violative of the prohibition against double jeopardy based upon the acceptance of the defendant’s guilty plea in the Justice Court. The court found both offenses to have been a part of the same criminal transaction and that the exceptions to a bar of separate prosecutions (CPL 40.20, subd 2, par [b]) were inapplicable.
The Assistant District Attorney hastens to distinguish Fernandez and Montone from the case at bar. Thus he points out that the offenses in Montone were both traffic matters and the offenses charged in Fernandez grew out of actions nearly simultaneous in execution. He fails, however, to reconcile his opposition with the finding in Salter (supra) where the driving *735 while intoxicated was held to be part of the same transaction that encompassed the crime of resisting arrest within it.
While these crimes are regarded as parts of a single transaction in Salter for the purposes of sentencing, it is this court’s opinion that the result therein would be the same if the appellate court was deciding a double jeopardy issue. (See, for instance, Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, p 105) where Professor (now Judge) Denzer states: "double jeopardy problems, it may be noted, are virtually the same as those involved in the area of sentencing upon a multiple count indictment containing charges based upon the same criminal transaction; and questions of whether consecutive or cumulative, as distinguished from concurrent, sentences may be imposed upon such convictions are usually treated by the courts as essentially double jeopardy issues.”
Accordingly, the court finds the separate offenses arising out of the December 24, 1975, incident to be parts of a single criminal transaction and, therefore, joinable in a single prosecution pursuant to CPL 200.20 (subd 2, par [a]).
But the problem does not end there. Subdivision 1 of CPL 40.40 provides as follows: "Where two or more offenses are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction, pursuant to paragraph (a) of subdivision two of section 200.20, such person may not, under circumstances prescribed in this section, be separately prosecuted for such offenses even though such separate prosecutions are not otherwise barred by any other section of this article.” (Emphasis supplied.)
Subdivisions 2 and 3 of CPL 40.40 describe the circumstances that must attend before a separate prosecution will be barred. Subdivision 2 bars a subsequent prosecution "When (a) one of two or more joinable offenses of the kind specified in subdivision one is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, any subsequent prosecution for the uncharged offense is thereby barred.”
Subdivision 3 operates as a bar "When (a) two or more of *736 such offenses are charged in separate accusatory instruments filed in the same court, and (b) an application by the defendant for consolidation thereof for trial purposes,, pursuant to subdivision five of section 200.20 or section 100.45, is improperly denied, the commencement of a trial of one such accusatory instrument bars any subsequent prosecution upon any of the other accusatory instruments with respect to any such offense.”
The fundamental rules of statutory construction provide that a statute is to be construed as a whole and read together (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97) and parts of the statute harmonized with each other (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98). Neither has it been shown nor does it appear that prosecution of the within charges is barred because a joinable offense has been disposed of by trial or plea in the same court, or that separate accusatory instruments were filed in the same court and defendant applied for and was improperly denied a consolidation of charges for trial purposes. Absent such a finding, CPL 40.40 is ineffective to override the provisions of CPL 40.20 permitting separate prosecution of offenses based upon the same criminal transaction.
The court determines that the offenses of driving with a revoked license and assault in the second degree have substantially different elements and that the statutory provisions defining such offenses were designed to prevent very different kinds of evil (CPL 40.20, subd 2, pars [a], [b]). Accordingly, even though found to be based upon the same criminal transaction, in the absence of circumstances as set forth in subdivisions 2 or 3 of CPL 40.40 the court determines trial of the assault charges herein is not barred by virtue of defendant’s previous guilty plea in Suffolk County District Court and defendant’s motion to dismiss is hereby denied in all respects.
The Clerk of the County Court is directed to place the matter upon the Ready Reserve Calendar subject to 24 hours’ notice with December 20, 1976 set down as the date fixed for control purposes.