Joseph A. De Maro, J.
On May 28, 1976, defendant was arrested while driving westbound on Jericho Turnpike, New Hyde Park, New York, and was charged with the following four offenses: driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 2), reckless endangerment (Penal Law, § 120.20), speeding — over 100 miles per hour in a 35 mile zone (Vehicle and Traffic Law, § 1180, subd [d]), and passing a red traffic light (Vehicle and Traffic Law, § 1111, subd [d], par 1).
Three separate simplified traffic informations were filed with respect to the Vehicle and Traffic Law offenses and a District Court information was filed to cover the reckless endangerment charge.
Defendant’s prosecution was bifurcated to conform to the procedures of the District Court. The misdemeanors driving while intoxicated and reckless endangerment, were placed on the Criminal Part calendar and two traffic infractions were sent to Traffic Part, both forums being a part of the Nassau County District Court.
On July 8, 1976, after a conference with the District Attorney’s office, defendant was permitted to plead guilty to subdivision 1 of section 1192 of the Vehicle and Traffic Law (driving while impaired) in satisfaction of the driving while intoxicated charge and to plead guilty to section 240.20 of the Penal Law (disorderly conduct) in satisfaction of the reckless endangerment charge.
It does not appear that any reference was made to the two outstanding traffic infractions at the plea bargaining conference. Nor is there any allegation in defendant’s moving papers that these infractions were to be considered satisfied by defendant’s aforesaid pleas.
Defendant has now moved to dismiss the offenses which are pending in the Traffic Part pursuant to CPL 40.20 and CPL 40.40.
Article 40 of the Criminal Procedure Law provides for exemption from prosecution by reason of previous prosecution; or simply, "double” or "former” jeopardy. To state that the rule is complex is to belabor the obvious. Article 40 is based on constitutional as well as policy grounds. (Benton v Maryland, 395 US 784; Ashe v Swenson, 397 US 436.)
The court appreciates the fact that there is a clear benefit to society and to a defendant to have the prosecution of all offenses arising from one episode take place in one proceeding. *641 This tends to husband the resources of the State and protect the defendant from harassment of multiple prosecutions. CPL 40.20 enunciates this principle but limits the application of the rule by providing six exceptions.
Thus, a person may be separately prosecuted for two offenses based on the same act or criminal transaction if: "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other” (CPL 40.20, subd 2, par [a]), or if: "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”. (CPL 40.20, subd 2, par [b]; subd 2, pars [c]-[f] are not applicable here.) Judge Denzer provides an example of the application of CPL 40.20 (subd 2, par [a]): "An illustration of what paragraph (a) has in mind * * * is provided by a case in which the defendant seizes a girl in a lonely spot, robs her of her pocketbook, rapes her a few minutes later, and then sodomizes her a few minutes after that. Three separate prosecutions would be warranted here since the offenses as defined (robbery, rape, and sodomy) have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the others.” (Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, p 107.)
The case at bar is analogous. The offenses pending in the Traffic Part of the District Court, speeding and passing a red light, have substantially different elements and the acts establishing each offense are clearly distinguishable from those establishing the others.
The defendant also charges that dismissal of the traffic offenses is mandated by CPL 40.40. Although no subdivision of this section is cited by defendant, he apparently is relying on subdivision 3, which provides that "When * * * two or more such offenses [i.e., joinable offenses] are charged in separate accusatory instruments filed in the same court” and an application by defendant for consolidation for trial purposes is improperly denied, the commencement of a trial of one such accusatory instrument, bars any subsequent prosecution upon any of the other accusatory instruments with respect to any such offenses.
The court notes that there has been no allegation by the defendant that he ever made an application for consolidation, *642 thus there could have been no denial of such an application, a requirement that is statutorally mandated by CPL 40.40 (subd 3). People v Montone (82 Misc 2d 234), cited by defendant is distinguishable. In Montone the defendant had been prosecuted for speeding in the Floral Park Village Court and a second offense, operating a motor vehicle while impaired by alcohol, was sought to be prosecuted in the District Court. The two charges were brought in two different forums and a motion to consolidate would have been legally impermissible.
Where offenses are based on same act or transaction, but are properly prosecuted separately, pursuant to the exceptions to CPL 40.20 (subd 2), a defendant may still cause a single prosecution of such offenses by moving to consolidate said prosecutions pursuant to CPL 200.20 (subd 5) as referred to in CPL 40.40 (subd 3).
Defendant’s motion to dismiss the offenses pending in the Traffic Part of the District Court is denied.