*983 OPINION OF THE COURT
John J. J. Jones, J.
In this CPLR article 78 proceeding, petitioner seeks a writ of prohibition against the respondents, the District Attorney of Suffolk County and the Administrative Judge of the Suffolk County District Court, which would preclude them from prosecuting petitioner for the offense of driving while intoxicated.
On August 15, 1977, petitioner, while operating a motor vehicle in Suffolk County, was stopped by a member of the Suffolk County Police Department and subsequently charged with: (1) driving with a suspended license (Vehicle and Traffic Law, § 509, subd 1); (2) failing to stop for a red light (Vehicle and Traffic Law, § 1111, subd [d], par 1); and driving while intoxicated (Vehicle and Traffic Law, § 1192, subds 2, 3). The first two charges were apparently made in separate simplified traffic informations, the third was made in a formal complaint.
On January 3, 1978 petitioner entered a plea of guilty to the first two charges, and on February 14, 1978 made a motion before respondent, Judge Mauceri, in the Suffolk County District Court, pursuant to CPL 40.20 for an order dismissing the charge of driving while intoxicated on the grounds that the conviction on the prior charge of failing to stop for a red light would place petitioner twice in jeopardy if he were prosecuted for the remaining charge. That motion was denied with leave granted to renew upon further papers which would show that petitioner had made a motion to have the second and third charges consolidated and that the motion was improperly denied. Petitioner did not renew that motion, but instead commenced the instant proceeding.
Initially it should be noted that a CPLR article 78 proceeding in the nature of prohibition is a proper proceeding to test whether a court is acting in excess of its jurisdiction by permitting a prosecution in violation of the Fifth Amendment’s double jeopardy clause. (See Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560; cf. CPLR 7801, subd 2.)[1]
The double jeopardy clause of the Fifth Amendment to the *984 United States Constitution, applicable to the States via the due process clause of the Fourteenth Amendment (see Benton v Maryland, 395 US 784, overruling Palko v Connecticut, 302 US 319), provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb”.
The Supreme Court of the United States has recognized two tests to determine if a prior prosecution would bar a subsequent prosecution based upon the double jeopardy clause.
In Blockburger v United States (284 US 299, 304), the court stated: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.”
This test emphasizes the elements of the two crimes. If each requires proof the other does not, the Blockburger test is satisfied, even though there is a substantial overlap in the proof offered to establish the two crimes. (See Iannelli v United States, 420 US 770, 785, n 17.)
The second test uses the doctrine of collateral estoppel and was enunciated in Ashe v Swenson (397 US 436, 443) as follows: " 'Collateral estoppel’ is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court’s decision more than 50 years ago in United States v. Oppenheimer, 242 U. S. 85.”
The collateral estoppel facet of the double jeopardy clause focuses on whether the second prosecution requires relitigation of factual issues already established in the first. (See Brown v Ohio, 432 US 161, 166-167, n 6.)
In Ashe v Swenson (supra, p 448), Mr. Justice Brennan’s concurring opinion urged that the court adopt an interpretation of the double jeopardy clause which would bar prosecution of a crime arising out of a single criminal episode where another event of that same episode had been the subject of a prior prosecution (a situation not constitutionally impermissible) (see Hoag v New Jersey, 356 US 464). The majority, however, declined to accept the "single criminal episode” test.
*985 Prior to enactment of CPL 40.20, it was the rule in this State that a defendant was not required, under the double jeopardy clause,* to be tried at the same time for all offenses arising out of a single criminal episode. (See Matter of Martinis v Supreme Ct. of State of N. Y., Criminal Term, County of Bronx, 15 NY2d 240.)
With the enactment of CPL 40.20, the Legislature appears to have adopted a rule somewhere between that which Mr. Justice Brennan urged in Ashe v Swenson (supra), and that of the Hoag and Martinis cases (supra).
CPL 40.20 (subd 2, pars [a], [b]) provides in pertinent part as follows:
"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”.
The three offenses with which petitioner was charged constitute a group of acts, "so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident” or transaction. (CPL 40.10, subd 2.)
Since the charge of failing to stop for a red light and the charge of driving while intoxicated have substantially different elements of proof (cf. Vehicle and Traffic Law, § 1111, subd [d], par 1; § 1192, subds 2, 3), they are capable of being tried separately, pursuant to CPL 40.20 (subd 2). However, since the charges did arise out of the same transaction, they are join-able pursuant to CPL 200.20 (subd 2, par [a]). As such they may not be separately tried if the circumstances prescribed in CPL 40.40 are applicable (see CPL 40.40, subd 1). CPL 40.40 (subd 3) pertains to circumstances where, as here, two accusatory instruments are filed in the same court. That section provides: "3. When (a) two or more of such offenses are charged in separate accusatory instruments filed in the same court, and (b) an application by the defendant for consolidation thereof for trial purposes, pursuant to subdivision five of section 200.20 or section 100.45 is improperly denied, the commence *986 ment of a trial of one such accusatory instrument bars any subsequent prosecution upon any of the other accusatory instruments with respect to any such offense.”
Therefore, as Judge Mauceri noted in the District Court, in order to prevent a separate trial of the charge of driving while intoxicated, otherwise permissible under CPL 40.20 (subd 2, par [a]), petitioner was required to proceed pursuant to CPL 40.40 (subd 3) which he has failed to do.
Petitioner relies heavily on the case of People v Montone (82 Misc 2d 234). Without agreeing that the Montone case correctly states the law,*
[2] it can be distinguished on the grounds that the offenses with which petitioner is charged in this case, as noted by Judge Mauceri, may be separately tried pursuant to CPL 40.20 (subd 2, par [a]), a basis independent and distinguishable from that of paragraph (b) of subdivision 2 which was the grounds for the dismissal in Montone.
The balance of the petition is without merit and it is accordingly dismissed.

. Judge Mauceri did not reach the merits of petitioner’s motion to dismiss, therefore there can be no application of the doctrine of res judicata, and the remedy of prohibition is still available. Since a proceeding for such a writ must be commenced in this court (CPLR 7804, subd [b]) the court will entertain the merits.

. Whether two offenses which arise from the same transaction may be separately tried is governed by CPL 40.40. Subdivision 1 of that section provides that they may not be separately tried "under circumstances prescribed in this section”. Subdivisions 2 and 3 set forth those circumstances. Neither section refers to accusatory instruments filed in separate courts with different jurisdictions, as was the case in Mon tone. Subdivision 2 relates to an offense not charged but which could be charged; subdivision 3 refers to two different accusatory instruments filed in the same court for offenses arising out of the same transaction. Neither appears applicable to the facts of Montone.