■ TRAVELERS INSURANCE COMPANIES, Plaintiff, v KATHERINE ROBINSON et al., Defendants. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent; DRAFTOMATIC PREMIUM BUDGET CORPORATION, Third-Party Defendant-Appellant. — In an action, *inter alia*, (1) to recover first-party benefits paid by plaintiff to its insureds by reason of the negligence of defendants Robinson and (2) for a declaration that a policy of insurance issued by the defendant third-party plaintiff, National Grange Mutual Insurance Company, was in effect on a particular date, the third-party defendant, Draftomatic Premium Budget Corporation, appeals from an order of the Supreme Court, Dutchess County, dated November 19, 1979, which denied its motion for summary judgment dismissing the third-party complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted and the third-party complaint is dismissed without prejudice to the respondent's right to seek recovery of the gross unearned premium that it refunded to appellant, if it is subsequently determined that the insurance policy was not effectively canceled. We agree with the determination of the Appellate Division, Fourth Department, in *Home Mut. Ins. Co. v Broadway Bank & Trust Co.* (76 AD2d 24), that an insurance premium financing agency (see Banking Law, art 12-B) owes no duty of care to an insurer which would entitle the insurer to rely on the actions of the agency. "Whereas one is always under a duty not, by his act, to threaten unreasonable harm to another's person or tangible property, there must be some special relationship between the parties, to create such a duty in respect to misinformation negligently given" (1 Harper and James, Law of Torts, § 7.6, p 545). There exists no special relationship of trust between an insurance company and a premium financing agency which would support a cause of action for words negligently spoken (see *White v Guarente,* 43 NY2d 356, 362-363; *Ultramares Corp. v Touche,* 255 NY 170; *Dorsey Prods. Corp. v United States Rubber Co.,* 21 AD2d 866, affd 16 NY2d 925). In view of the fact that there is no special relationship between the insurer and the premium financing agency there is no duty, and therefore no liability for words negligently spoken. Our review of the record reveals that there are no triable issues of fact which would require a trial. Accordingly, summary judgment is awarded to the third-party defendant. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ FORD K. WEINER, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondents insofar as a *de novo* hearing was ordered with respect to a charge against the petitioner of speeding, he appeals from a judgment of the Supreme Court, Kings County, dated September 15, 1980, which granted respondents' cross motion to dismiss the proceeding. Judgment affirmed, with costs. Assuming, without deciding, that double jeopardy protections would be applicable here, the first two charges are distinct from the third for double jeopardy purposes and, thus, prosecution on the first two did not bar prosecution on the third (see CPL 40.20). Moreover petitioner did not move for a joint trial of the three charges (see CPL 40.40) and thus waived any right he might have had to object to separate prosecutions (see *Serignese v Henry,* 101 Misc 2d 982). Petitioner's remaining contentions are also without merit. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.