OPINION OF THE COURT
Miriam G. Cedarbaum, J.
On February 1, 1982, at about 11 minutes past 9 in the morning, defendant was driving an automobile at Palmer Avenue and Sycamore Road in Scarsdale. He was stopped by a police officer and issued a traffic ticket for failure to yield the right of way. Thereafter, defendant was arraigned on this charge and entered a plea of not guilty. On April 28, 1982, after a bench trial, defendant was found guilty and sentenced to a $30 fine. As defendant was leaving the courtroom, the complaining officer filed an information, a copy of which was served on the defendant, charging defendant with violating section 511 of the Vehicle and Traffic Law by driving an automobile while his driver’s license was suspended on February 1, 1982 at *1015 about 9:11 a.m. at Palmer Avenue and Sycamore Road in Scarsdale.
Defendant has moved pursuant to CPL 40.20 (subd 2, par [b]) to dismiss the charge of violation of section 511 of the Vehicle and Traffic Law. For the reasons set forth below, defendant’s motion to dismiss is granted.
CPL 40.20 (subd 2) provides that:
“A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * *
“(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”.
The District Attorney argues that CPL 40.20, which sets forth the New York law prohibiting double jeopardy, applies only to prosecutions for crime. Emphasis is placed on the language “criminal transaction” as denoting a legislative intention to exclude prosecutions for traffic infractions. However, CPL 40.10 which defines both “offense” and “criminal transaction” does not support such a restrictive reading. Indeed, the Practice Commentary following CPL 40.20 (Bellacosa, McKinney’s Cons Laws of NY, Book 11 A, p 247) illustrates CPL 40.20 (subd 2, par [b]) with a case involving a prosecution for a traffic misdemeanor followed by a prosecution for a traffic infraction. (See, also, People v Montone, 82 Misc 2d 234.)
The District Attorney also argues that even if the charges against the defendant are “offenses” within the meaning of CPL 40.20 (subd 2, par [b]), the statutory provisions defining these offenses are designed to prevent very different kinds of harm and that, therefore, the charges against defendant fall outside the ban of CPL 40.20 (subd 2). I find that the statutory provisions prohibiting failure to yield and driving with a suspended license are both designed to prevent vehicular accidents by promoting compliance with highway safety rules. (Cf. People v Fernandez, 43 AD2d 83, 91.)
Finally, CPL 40.40, which prohibits separate trials of two joinable offenses, requires dismissal of the charge of *1016 driving with a suspended license. CPL 40.40 (subd 2) provides that when: “(a) one of two or more joinable offenses * * * is charged in- an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) * * * a trial of the existing accusatory instrument is commenced * * * any subsequent prosecution for the uncharged offense is thereby barred.”
CPL 40.20 (subd 2) and 40.40 embody doctrines of fundamental fairness beyond the strict technical requirements of the “double jeopardy” prohibited by the Constitution of the United States. Both of these sections bar defendant’s belated prosecution for driving with a suspended license.