OPINION OF THE COURT
Eli H. Mellan, J.
Motion for an order dismissing the charge of criminal possession of stolen property in the third degree, a class A misdemeanor under section 165.40 of the Penal Law, on the ground that the prosecution of same is barred by reason of an alleged previous prosecution, is denied.
The defendant pleaded guilty to an alleged violation of subdivision 1 of section 402 of the Vehicle and Traffic Law which was a charge set forth in the simplified traffic information alleging “switched plates, improper plates, stolen.”
A fine was apparently imposed in the sum of $20 for this charge. The instant District Court information sets forth a charge of criminal possession of stolen property, the said charge originating at the same time and place and alleging that the stolen property was certain registration plates reported to have been stolen by their lawful owner Doloris Lester. The argument is that since the defendant pleaded guilty to the vehicle and traffic violation of improper plates therefore it is argued that the defendant can no longer be charged with a class A misdemeanor of criminal possession of stolen plates.
*399 The mere fact that the simplified traffic information which truly is only a charge of improper plates, but nevertheless asserted that the improper plates were stolen does not prevent separate prosecution of a class A misdemeanor of criminal possession of stolen property.
The defendant’s argument appears to rest on the contention that since both charges were based upon the same “criminal transaction” under People v Montone (82 Misc 2d 234) and People v Telonis (115 Misc 2d 1014), the prosecution of the class A misdemeanor is barred pursuant to CPL 40.20 and 40.30.
CPL 40.20 (subd 2) states as follows:
“A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
“(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or”.
The elements contained in the class A misdemeanor of criminal possession of stolen property under section 165.40 of the Penal Law include a knowing possession of stolen property of which he is aware that it is stolen, and other elements which are totally independent of and distinguishable from the charge of merely having improper plates under subdivision 1 of section 402 of the Vehicle and Traffic Law. The mere fact that the information made reference to the fact that the improper plates were stolen did not make that an essential element of that particular charge. Therefore notwithstanding the fact that he has pleaded guilty to the traffic violation issued to him at the same time as being charged with a class A misdemeanor does not prevent the prosecution of the class A misdemeanor. (See, also, People v Greene, Dist Ct, Nassau County, index No. 9723/81, Oct. 26, 1981.)
The motion herein is therefore denied.