OPINION OF THE COURT
Timothy J. Drury, J.
The question presented is under the particular facts of the instant case does CPL 40.40 (1) bar the prosecution of an assault charge when there has been a prior disposition of a trespass charge and both charges arise out of the same criminal transaction. CPL 40.40 (1) prohibits separate prosecutions where two or more offenses are joinable in a single accusatory instrument by reason of being based on the same criminal transaction.
The facts are not in dispute. The defendants allegedly trespassed on Conrail property and there assaulted a Conrail employee on August 8, 1984. They were issued appearance tickets at that time returnable in Buffalo City Court on August 15th. The tickets charged trespass. The next day, August 7th, assault charges were filed in Buffalo City Court against them and appearance tickets were sent to their police precinct to be served on them. Meanwhile the defendants appeared in Buffalo City Court on August 15th without benefit of counsel, and pleaded guilty to the trespass charges and were fined. On August 16th *611 the precinct police delivered the appearance tickets to their mother’s house and they first became aware of the assault charges.
The defendants argue that CPL 40.40 (2) bars this prosecution. This section bars a later prosecution when there are two or more joinable offenses and a defendant, charged with only one of the offenses, pleads guilty or the trial begins of that one offense before another accusatory instrument charging the remaining offense(s) is filed in court (and the People must have possessed sufficient evidence to bring the remaining offense before the plea is taken or the trial begins). CPL 40.40 (2) therefore prevents a subsequent prosecution on an uncharged offense(s) only. In the instant case, however, the assault charges had already been filed in Buffalo City Court before the defendants had pleaded guilty to the trespass charges. This fact distinguishes the instant case from People v Ruzas (54 AD2d 1083 [4th Dept 1976]) cited by the defendants.
The People contend that CPL 40.40 (3) should be read to prevent the defendants from seeking relief under CPL 40.40 (1) because they did not first move to consolidate the assault charge with the trespass charges. CPL 40.40 (3) states that a defendant must first move to consolidate the joinable offenses and that his motion must be improperly denied before he can assert his rights under CPL 40.40 (1). The defendants in the instant case, however, cannot be held to move to consolidate charges when they were as yet unaware of the second charge. Therefore the court distinguishes the instant case from People v Dean (56 AD2d 242 [4th Dept 1977], affd 45 NY2d 651 [1978]), and Matter of Auer v Smith (77 AD2d 172 [4th Dept 1980], appeal dismissed 52 NY2d 1070 [1981]), cited by the People.
The People argue that rather than dismissing the assault charges pursuant to CPL 40.40 (1) the court should first compel the defendants to withdraw their guilty pleas to trespass 'and move pursuant to CPL 40.40 (3) to consolidate the trespass charge with the assault charges for trial. The People contend that the purpose of CPL 40.40 will not be served until the defense has been given every opportunity for consolidation. The court, however, will not force the defendants to do this. The People should have joined the trespass and assault charges to begin with and the court will not put the defendants in a worse position than they now occupy in order to remedy the People’s mistake. Accordingly, the court grants defendants’ motion and dismisses the instant charges as barred by CPL 40.40 (1).