OPINION OF THE COURT
Jeffrey Russell Werner, J.
Defendant, by counsel, moves to dismiss the accusatory instruments or, in the alternative, for a probable cause hearing. The People oppose dismissal and consent to a probable cause hearing.
The facts upon which the motion to dismiss are based are undisputed. On December 12, 1993, defendant was stopped, arrested and charged with four violations of the Vehicle and Traffic Law as part of the same incident: Vehicle and Traffic Law § 1140, failing to yield right of way; Vehicle and Traffic Law § 1160 (b), improper left turn; Vehicle and Traffic Law § 1128 (a), unsafe lane change; and Vehicle and Traffic Law § 1192 (2) and (3), driving while intoxicated. The first charge, according to the accusatory instrument and the affidavit of the defendant, was committed in the Town of New Windsor and returnable before the Town of New Windsor Justice Court; the remaining three charges were, according to the accusatory instruments and the defendant’s affidavit, committed in the Town of Newburgh and are encompassed in the instant motion. The defendant has previously appeared in the Town of New Windsor and there pleaded guilty to violating Vehicle and Traffic Law § 1140, failing to yield right of way.
The doctrine underlying defendant’s motion to dismiss is that aspect of double jeopardy known as collateral estoppel. It was first enunciated by the United States Supreme Court in Ashe v Swenson (397 US 436 [1970]), which held that the Double Jeopardy Clause of the US Constitution incorporates the doctrine of collateral estoppel in criminal proceedings. (See also, Dowling v United States, 493 US 342, 347 [1990].) Collateral estoppel or, in modern parlance, issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” (Ashe v Swenson, supra, at 443.)
*189 CPL 40.20 (2) affords traditional double jeopardy protection by providing, in pertinent part, that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction”. There are, however, statutory exceptions: among them, where the offenses have substantially different elements or each of the offenses contain an element which is not the element of the other. (CPL 40.20 [2] [a].)
Defendant maintains, however, that even though the offenses may be separately prosecuted for offenses containing different elements that arose out of the same transaction, further prosecution of the remaining accusatory instruments would be in violation of CPL 40.40, which prohibits multiple prosecutions when one prosecution may be had, relying on People v Montone (82 Misc 2d 234). The People resist, contending that People v Montone (supra) has been overruled by People v Lindsly (99 AD2d 99).
People v Montone (supra, at 236), a Nassau County District Court decision, reasoned that the traffic infractions of driving while ability impaired by alcohol and speeding were both entrenched in the promotion of highway safety and, therefore, the disposition of the speeding charge in another court required the remaining driving while ability impaired by alcohol charge be dismissed as violative of the defendant’s rights not to twice be placed in jeopardy.
People v Lindsly (supra, at 101), an Appellate Division decision, rejected the Montone analysis, saying that the express legislative purposes for drinking and driving offenses and leaving the scene of an accident offenses were very different and also that those offenses were different in their elements and, therefore, not within the ambit of the double jeopardy protection of CPL 40.20 (2).
The Lindsly decision (supra, at 101), however, found "[m]ore troublesome” the compulsory joinder provisions of CPL 40.40. It went on to analyze the application of the provisions of CPL 40.40, which define compulsory joinder or procedural double jeopardy. It prohibits a separate prosecution of joinable offenses that arise out of the same transaction and involve different elements, " 'under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions’ ” (supra, at 101-102). In relevant part, section 40.40 prohibits multiple trials when two or more joinable offenses are charged in separate accusatory instruments, and *190 not joined or are not included at the time of prosecution despite the People possessing information to so charge.
This apparently was the basis of the order of dismissal in Montone (supra), where the defendant pleaded guilty to dispose of the speeding traffic infraction in the Floral Park Village Court and the traffic infraction of driving while ability impaired by alcohol filed in the District Court was dismissed since, the court found, the Village Court and the District Court were both "local criminal courts” pursuant to CPL 10.10, and either would have the authority to adjudicate both traffic infractions.
The specific holding in Lindsly (supra), however, was that Village Courts, as was the case of the Village Court of Babylon, in which the defendant pleaded guilty to the traffic infraction of leaving the scene of an accident, had not retained jurisdiction over criminal misdemeanors charging operating a motor vehicle while intoxicated when the legislation creating the Suffolk and Nassau County District Courts was enacted and, therefore, the driving while intoxicated misdemeanor could not have been transferred to the Village Court. It thereupon specifically overruled the holding in Montone (supra), that Village and District Courts had concurrent jurisdiction involving the offenses of driving while intoxicated, and found CPL 40.40 was, therefore, inapplicable.
The case law doesn’t substantiate the Montone case conclusion (supra) that the traffic infractions of operating a motor vehicle while impaired by alcohol and speeding were designed to prevent the same harm and to promote the same objective, highway safety. (See, for instance, People v Green, 89 Misc 2d 639; People v Rudd, 41 AD2d 875, finding that the separate drinking and driving offenses themselves had different elements.) The Montone finding was also grounded on the procedural double jeopardy requirements of CPL 40.40, that both courts had concurrent jurisdiction of the traffic infractions filed in the respective courts and, therefore, there was a mandatory joinder requirement which resulted, after entry of a guilty plea, to a bar of double jeopardy.
Lindsly (supra), on the other hand, found that the exceptions to constitutional double jeopardy in CPL 40.20 were applicable since the criminal misdemeanor driving while intoxicated and the traffic infraction of leaving the scene of an accident had separate elements. On the issue of procedural double jeopardy, the rationale was that the District Court, *191 where the defendant had been charged with the misdemeanor, could not have transferred that charge to the Village Court since the Village Court had no misdemeanor jurisdiction and, therefore, there could not have been any mandatory joinder of the charges resulting from the common transaction.
Just as there could not have been a mandatory joinder of offenses arising from the common transaction in Lindsly (supra) because the Village Court and the District Court didn’t have the same necessary plenary jurisdiction, the Town of Newburgh Justice Court and the Town of New Windsor Justice Court, while they each have full plenary jurisdiction of the kinds of charges arising from this common transaction, do not have the same geographical jurisdiction as it applies to the charges which are alleged to have been committed.
With certain exceptions that have not here been shown to be applicable, each Town Justice Court has separate and independent jurisdiction only of those offenses alleged to have been committed within its geographical jurisdiction. Therefore, there could not be a joinder of these offenses arising out of the same transaction due to different geographical jurisdictions.
 Accordingly, the court finds that the charges herein levied contained substantially different elements and were not barred by constitutional double jeopardy (CPL 40.20 [2] [a]), and the charges could not have been joined as may have been required by procedural double jeopardy (CPL 40.40 [2]).
Motion to dismiss by defendant denied and pretrial probable cause hearing ordered.