*417 OPINION OF THE COURT
Kenneth L. Gartner, J.
The instant case presents an issue which the defendant contends — apparently accurately — is one of first impression.
The defendant was charged with both two counts of driving while intoxicated (DWI) — a crime — and three traffic infractions allegedly committed at the same time and place. All of the charges were calendared before the Nassau County District Court. However, due to a ministerial error, the traffic infractions were also calendared before the Nassau County Traffic and Parking Violations Agency.
The defendant went to the Traffic and Parking Violations Agency and plea-bargained a resolution of the three infractions. The defendant now seeks to dismiss the criminal charges pending in this court on “double jeopardy” grounds.
For the reasons stated below, the defendant’s motion is denied.
The defendant is charged with violating five sections of the New York State Vehicle and Traffic Law.
Two of the violations — of section 1192 (2) and (3), driving while intoxicated (per se) and driving while intoxicated (common law), respectively — are unclassified misdemeanors, and are therefore crimes.
The simplified traffic informations charging these crimes were on their faces made returnable in Nassau County District Court, located at 99 Main Street in Hempstead.
The other three violations — of section 1128 (a), section 1163 (d) and section 375 (2) (a) (1), failure to maintain a lane, illegal turn, and no headlights, respectively — are traffic infractions.
The simplified traffic informations charging the traffic infractions were on their faces made returnable before the Nassau County Traffic and Parking Violations Agency (TVA), located at 19 Cooper Street, also in Hempstead. The TVA is an administrative agency created by General Municipal Law § 371 (2) to “assist the Nassau County District Court in the disposition and administration of infractions of traffic and parking laws.” (Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 20 AD3d 415, 416 [2d Dept 2005].) The TVA is located several blocks from the District Court.
The defendant appeared with counsel in District Court. Despite the fact that only two of the tickets bore a District Court *418 address, all five violations were listed on the District Court calendar, under a single docket number. The defendant was arraigned on the instruments charging all five violations. The case was then adjourned for conference.
Apparently, neither the prosecutor nor the court took cognizance of the difference in return addresses on the tickets.
Following the arraignment, the defendant went over to the TVA, at Cooper Street. The three tickets charging noncriminal violations appeared on the TVA calendar. The defendant, following a conference with the TVA prosecutor, disposed of the three tickets by pleading guilty to one reduced charge, and paid a fine.
The defendant now moves to dismiss the DWI criminal charges. The defendant argues that the three noncriminal violations have already been disposed of, and that in light of the final disposition of three charges forming part of the same criminal transaction as, and consolidated with, the two DWI criminal charges, the two DWI criminal charges are now barred from prosecution by principles of double jeopardy, and must therefore be dismissed.
In People v Lindsly (99 AD2d 99 [2d Dept 1984], appeal withdrawn 62 NY2d 987 [1984]), the People appealed from so much of an order of Suffolk County Court as dismissed an indictment charging two felony counts of driving while intoxicated. The County Court had dismissed the indictment based upon the double jeopardy effect of the defendant’s plea of guilty in Babylon Village Court to the infraction of leaving the scene of an accident. The ticket for leaving the scene had been issued based upon the same incident out of which the DWI felony charges arose.
The Appellate Division in Lindsly reversed the County Court, and reinstated the indictment.
The Appellate Division in Lindsly (99 AD2d at 100-101) first made a holding directly applicable to the instant case:
“At the outset, it is clear that traditional double jeopardy concepts are not applicable. The Fifth Amendment strictures are not implicated because the elements of the offenses of leaving the scene of an accident and driving while under the influence of alcohol are not the same and the same evidence is not required to prove each offense. While the New York statutory provisions are somewhat broader, providing that ‘[a] person may not be separately *419 prosecuted for two offenses based upon the same act or criminal transaction’ (CPL 40.20, subd 2), at least two statutory exceptions control. The first permits a second prosecution when, as here, £[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other’ (CPL 40.20, subd 2, par [a]). The second authorizes a second prosecution when £[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil’ (CPL 40.20, subd 2, par [b]).” (Citations omitted.)
Taking note of the singular and unique purpose of the DWI laws — “to reduce human suffering and carnage caused by drinking drivers” — the Appellate Division in Lindsly concluded that ££either statutory exception would preclude application of a previous prosecution bar” to a DWI charge based on a plea to a simultaneously arising traffic infraction. (99 AD2d at 101.)
The same reasoning would apply to the instant case, where the noncriminal charges of failure to maintain a lane, illegal turn, and no headlights, are as distinct from the DWI charges as was the leaving the scene charge from the DWI charge in Lindsly. Thus, the instant defendant’s argument would appear to lack merit.
However, the Appellate Division in Lindsly (99 AD2d at 101-102), after making its first holding, then addressed the issue upon which the instant defendant primarily rests his present motion:
“More troublesome are the compulsory joinder provisions of CPL 40.40. Basically, that section prohibits a separate prosecution of joinable offenses that arise out of the same transaction and involve different and distinct elements ‘under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions’ ” (citations omitted).
The Appellate Division in Lindsly resolved this issue by determining that “[o]ffenses are joinable in a single accusatory instrument if they arise out of the same criminal transaction and the court has subject matter and geographical jurisdiction over both of them” (99 AD2d at 102). The Appellate Division in *420 Lindsly reversed the Suffolk County Court because the Babylon Village Court — the court in which the supposedly preclusive disposition to the traffic infraction was taken — did not have jurisdiction over criminal offenses, and the DWI charges could not have been joined there. (99 AD2d at 103.)
People v Montone (82 Misc 2d 234 [Nassau Dist Ct 1975, Goodman, J.]) had held that a plea to a speeding ticket issued at the same time as a DWI charge, but returnable in Village of Floral Park Justice Court, precluded further prosecution of the DWI in Nassau County District Court. Montone, however, was rejected by the Appellate Division in Lindsly. (99 AD2d at 101; see People v Ferguson, 162 Misc 2d 187 [Newburgh Just Ct 1994, Werner, J.] [holding that plea in Town of New Windsor Justice Court to traffic offense committed within its geographical jurisdiction did not preclude prosecution of a simultaneously arising DWI charge in Justice Court of adjoining jurisdiction, and remarking on Lindsly’s disavowal of Montone].)
The TVA, in which the disposition whose preclusive effect is advocated by the instant defendant was taken in the instant case, has no jurisdiction over DWI criminal charges. Therefore, the DWI charges could not have been joined there, just as the DWI charges could not have been joined with the traffic infractions in the courts in which the allegedly preclusive dispositions had been taken in Lindsly, Montone, and Ferguson. Under those cases, it would therefore appear that the defendant’s motion must be denied.
The defendant, however, argues that the cited cases are not dispositive. The defendant argues that a distinction arises from the fact that while in the cited cases the traffic infractions were never joined with the DWI charges, in the instant case the very same traffic infractions which were disposed of before the TVA were in fact joined with the DWI charges in District Court, and were in the process of being prosecuted together with them there, at the time of their disposition. Thus, says the defendant, the disposition of the traffic infractions before the TVA precludes further prosecution of the charges with which, in District Court, they were joined.
The instant case is in fact unique to the extent that it involves a situation in which a set of three accusatory instruments were apparently filed in the District Court (as is mandatory for even charges to be prosecuted before the TVA) (see Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 20 AD3d 415 [2d Dept 2005]), and then mistakenly docketed both in the *421 District Court itself, and in the TVA. The previously cited cases do all operate on the assumption that each criminal charge will be pending in a single forum.
In considering a situation for which there is no direct precedent, this court must nevertheless consider the principles laid down by courts in this area.
One thing that is notable about the Appellate Division’s decision in Lindsly is that it focused solely on the joinability of the different charges in the court in which the disposition was taken — in Lindsly, the Babylon Village Court — and not on the joinability of the charges in the court in which a preclusion was sought to be imposed — in Lindsly, the Suffolk County Court. The fact that all the charges could have been joined in Suffolk County Court did not result in preclusion of the charges pending there as a result of the disposition of the charges in Babylon Village Court.
Why this is so may be inferred from a review of Serignese v Henry (101 Misc 2d 982 [Sup Ct, Suffolk County 1978, Jones, J.]). In Serignese, Justice Jones dismissed a CPLR article 78 proceeding seeking a writ prohibiting further prosecution in Suffolk County District Court of a DWI charge on the ground that the defendant had pleaded, also in Suffolk County District Court, to a mandatorily joinable red light ticket, and that this precluded further prosecution of the DWI. Justice Jones first distinguished Montone, and then, using much the same reasoning which would later be applied by the Appellate Division in Lindsly, concluded that the two charges did not involve the same “criminal transaction” for double jeopardy purposes. (101 Misc 2d at 983-985.) Justice Jones then held (101 Misc 2d at 986) that although the charges were joinable, the District Court Judge had properly determined that the defendant was required to in fact request and failed to obtain joinder of the charges before he could complain about being required to proceed on the two charges separately.
The statutory basis for Justice Jones’ determination was CPL 40.40 (3) (b), which provides that the commencement of trial on an offense will bar subsequent prosecution of any other offense joinable under that section only when “an application by the defendant for consolidation thereof for trial purposes ... is improperly denied.”
The Appellate Division, in Weiner v New York State Dept. of Motor Vehs. (79 AD2d 1022 [2d Dept 1991], lv denied 53 NY2d 602 [1981]), subsequently cited Serignese for the proposition *422 that, in such circumstances, a defendant’s failure to move for a joint trial waived any right the defendant might have had to object to separate prosecutions.
The principle at play, both in the Serignese line of cases and the Lindsly line of cases, is that, at least where the charges against a defendant are not so inextricably intertwined that the double jeopardy principle of the United States Constitution is implicated, or even so connected as to constitute a single criminal transaction under the New York statutory scheme, a defendant may not insulate himself from prosecution on a more serious charge contemporaneously pending, whether in the same court or in a different court, of which he is aware, by silently pleading to a lesser one without making known his desire to have that charge heard together with the more serious one, and thus giving the People and the court an opportunity to consciously address the issue. As held in Howland v State of New York (127 Misc 2d 1015, 1017 [Ct Cl 1985, Lowery, J.]), “CPL 40.40 is a procedural statute and unlike constitutional double jeopardy can be waived.”
This case is unlike that presented in People v Ballacchino (126 Misc 2d 610, 611 [Buffalo City Ct 1984, Drury, J.]). In Ballacchino, the court rejected the People’s contention that the defendants were required to have unsuccessfully moved to consolidate before moving to dismiss under CPL 40.40. The court in Ballacchino (at 611) held that:
“CPL 40.40 (3) states that a defendant must first move to consolidate the joinable offenses and that his motion must be improperly denied before he can assert his rights under CPL 40.40 (1). The defendants in the instant case, however, cannot be held to move to consolidate charges when they were as yet unaware of the second charge.”
The defendant here, in contrast, could have requested dismissal or transfer of the three noncriminal charges before the TVA, in order to prevent him being subjected to separate prosecutions. Despite the fact that he went to the TVA fresh from having been arraigned on that very same morning on those very same charges in District Court, and thus was aware of the ministerial error which had resulted in the matters being calendared in both fora, the defendant did not do so, but instead silently pleaded out the matters before the TVA.
While principles of double jeopardy would presumably apply to any attempt to now reprosecute the three instruments charg *423 ing traffic infractions, and disposed of before the TVA, the effect of the disposition of those three instruments on the remaining DWI criminal charges must be resolved based upon the same compulsory joinder statute at issue in Serignese and Weiner.
It is ironic that the defendant would rely upon the fact that all five charges were already pending together in District Court to relieve him of the otherwise mandatory obligation to have made a motion to consolidate. It is this very circumstance, however, which demonstrates the knowing and voluntary nature of the defendant’s choice to proceed in two separate forums, and to thus make it entirely appropriate that the defendant be held strictly to the statutory requirement.
It should be noted that this resolution places the defendant in a similar position to the defendants in Lindsly, Montone, Ferguson, and Serignese. He obtained the benefit of a plea bargain, in a jurisdictionally inferior forum, of the traffic infractions with which he was charged, and is now free to contest the DWI charges lodged against him.
As the matters concluded before the TVA are not within the jurisdiction of this court, and as the defendant seeks no relief with respect to those charges here, the court does not address them. As to the Vehicle and Traffic Law § 1192 (2) and (3) charges, the defendant’s motion to dismiss them is denied.