■    The People of the State of New York, Appellant, v John E. Ruzas and Robert L. Donovan, Respondents.—Order unanimously affirmed. Memorandum: On October 24, 1974 defendants, Ruzas and Donovan, committed an armed robbery in Onondaga County and while in flight shot and killed a New York State Trooper in Madison County. They were tried and convicted for felony murder in Madison County and sentenced to periods of imprisonment for terms of at least 25 years to life. Following their subsequent indictments in Onondaga County for the felonies committed in that county, the defendants successfully moved for dismissal of the robbery, larceny, unlawful imprisonment and criminal possession of a weapon counts in the indictments. The People appeal the dismissal of these indictments. It is the People's position on this appeal that the Onondaga felonies could not be joined in one accusatory instrument in Madison County because, the People contend, Madison County lacked geographical jurisdiction over the Onondaga felonies (CPL 20.40). The People's argument continues that because the Onondaga crimes were, therefore, not "jointly prosecutable offenses" with those previously tried in Madison, the bar of CPL 40.40 which prohibits separate prosecutions for crimes jointly prosecutable did not apply, hence the Onondaga indictments should not have been dismissed. The instant case presents a situation where Madison County did not indict the defendants for the Onondaga felonies but, rather for murder and murder second. It is clear from the record that the predicate felony in the felony murder charge was the robbery committed in Onondaga County. The Criminal Procedure Law adopts an approach "looking not at the components of offenses arising out of the same transaction or the evidence necessary to establish those offenses, but at the nature of the transaction itself. The standard, in the words of Mr. Justice Brennan, 'not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience' *(Ashe v. Swenson,* 397 U. S. 436, 454)" *(People v Fernandez,* 43 AD2d 83, 89). The enactment of CPL 40.40 is the legislative response to "a problem that has proved highly perplexing to the United States Supreme Court and other tribunals. It deals with repeated prosecutions for different and factually distinct offenses arising out of the same criminal transaction under circumstances wherein no violation of the

double jeopardy principle can validly be maintained but the equities never-theless seem to preclude separate prosecutions" (Denzer, Practice Commen-taries, McKinney's Cons Laws of NY, Book 11A, CPL 40.40, p 142-144). The cited commentary adds that the principle is not confined to "different victim" cases, but also applies to any group of offenses arising from one criminal transaction which are so factually severable as to escape the prohibition of double jeopardy. Thus, CPL 40.40 prohibits separate prosecu-tions for offenses arising out of the same criminal transaction, if they are joinable in one accusatory instrument. Reasoning from that we conclude that Madison and Onondaga County crimes were "joinable" because they are based upon the same criminal transaction (CPL 200.20, subd 2, par [a]; CPL 40.10, subd 2). We further find that Madison County had geographical jurisdiction of all the offenses, except conspiracy (CPL 20.40; *People v Spivak,* 237 NY 460). A felony murder indictment,—which, as here, is multicounty, i.e., the underlying felony in one, and the murder in another—may be tried in either county since conduct occurred in each county sufficient to constitute an element of such offenses (CPL 20.40 subd 1, par [a]). It logically follows, therefore, that since the felony murder may be tried in either county—so may the underlying felonies. Since Madison County had jurisdiction of all the crimes, including those committed in Onondaga County, the failure to join in Madison County all the offenses based upon the same criminal transaction bars further prosecution of the unjoined (Onondaga County) crimes (CPL 220.20, 40.40). The result we reach accords with the policy against "vexatious multiple prosecutions" and promotes the interests of justice, economy and convenience by consolidating in one lawsuit all issues arising out of a single criminal transaction or occurrence. To hold otherwise, might well prove chaotic in the administration of criminal justice since it is conceivable that defendants upon trial in Onon-daga County could be found innocent of the underlying felony (robbery) which was the predicate for the felony murder conviction in Madison County. We also fail to see substantial benefits inuring to the public in the proposed trial of these defendants who have already been sentenced to minimum periods of imprisonment from 25 years to life. (Appeal from order of Onondaga County Court—dismiss indictment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.