■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DENNIS RILEY and ARCHIE BROWN, Respondents.—Appeal by the People, as limited by their brief, from (1) so much of an order of the County Court, Nassau County, dated December 14, 1976, as granted the branches of defendants' separate motions which sought dismissal of the burglary count of an indictment and (2) a further order of the same court, dated March 1, 1977, which, upon reargument, adhered to the original determination. Appeal from the order dated December 14, 1976 dismissed as academic. That order was superseded by the order made upon reargument. Order dated March 1, 1977 affirmed. Defendants were indicted in Queens County, *inter alia,* on charges of criminal possession of stolen property. They were sentenced, after pleas of guilty, to terms of imprisonment. They were thereafter indicted and charged, in Nassau County, *inter alia,* with the crime of burglary in the third degree, committed in the same criminal transaction as was charged in the Queens indictment. Their motions to dismiss the indictment were granted pursuant to CPL 40.20 and 210.20 (subd 1, par [e]). Upon reargument the court added the "interests of justice" as a reason for the dismissal of the indictment. The indictment was properly dismissed since the interests of justice would not be furthered by a second prosecution, on the same criminal transaction, of the already incarcerated defendants. Moreover, pursuant to CPL 20.40 (subd 4, par [c]), Queens County had geographical jurisdiction over the burglary even though it occurred in Nassau County. The record clearly indicates that the burglarized home was located well within 500 yards of the Nassau-Queens boundary line. Since the offenses charged in the Nassau County indictment were offenses jointly prosecutable with those previously tried in Queens County, CPL 40.40 (subd 2) bars a subsequent prosecution. CPL 40.40 clearly prohibits separate prosecutions

for offenses arising out of the same criminal transaction if they are joinable in one accusatory instrument (see *People v Ruzas,* 54 AD2d 1083). Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.