■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN EASTERLING, Respondent.—Appeal, as limited by the People's brief, from so much of an order of the County Court, Nassau County, dated February 28, 1977, as granted the branch of defendant's motion which sought dismissal of the indictment pursuant to CPL 40.40 (subd 2). Order reversed insofar as appealed from, the branch of defendant's motion is denied, and the indictment reinstated. As applicable to the instant action, CPL 40.40 (subd 2) bars the subsequent prosecution of an uncharged joinable offense only if that offense had not been charged in an accusatory instrument filed in the same court as that court which disposed of the existing accusatory instrument by trial or the entry of a plea of guilty. In this case a felony complaint was filed in the District Court of Nassau County on August 13, 1976. Also filed

on that date was a simplified traffic information charging a joinable offense. The latter instrument was disposed of on August 17, 1976 by the defendant's plea of guilty. At the time the simplified traffic information was disposed of, there was a separate accusatory instrument, charging the joinable offense which is the subject of this action, pending in the same court. Therefore, by the plain language of CPL 40.40 (subd 2), the prosecution of the joinable offense is not barred. The subsequent Grand Jury indictment does not alter this result since that indictment merely charges the same offenses as were charged in the timely filed felony complaint. CPL 100.05 clearly provides that if more than one accusatory instrument is filed in the same criminal action, the action is commenced upon the filing of the first accusatory instrument. Even though the District Court was later divested of jurisdiction, at the time of the disposition of the simplified traffic information the instant criminal action had been commenced and was pending in the "same court", i.e., the District Court. We have also considered the defendant's contentions that the prosecution is barred by operation of CPL 40.20, and agree with the County Court that these assertions are without merit. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.