## (December 24, 1979)

■ JOSE R. VEGA, Petitioner, v ISAAC RUBIN, as Justice of the Supreme Court, County of Westchester, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent Rubin, a Justice of the Supreme Court, Westchester County, from proceeding to try petitioner under an indictment for criminal sale and possession of a controlled substance. Proceeding remitted to a Trial Term of the Supreme Court, Westchester County, for a hearing forthwith on the issues set forth herein; the report after the hearing is to be returned to this court with all convenient speed, and determination of the proceeding is held in abeyance in the interim. The hearing shall be held before a Judge other than the respondent Rubin. In January, 1979 an undercover police officer allegedly purchased a quantity of heroin and cocaine from petitioner at the apartment of a police informant in Yonkers, Westchester County. After the sale was consummated, the undercover officer departed the scene, while other officers continued their surveillance of the apartment. These officers observed one Santiago leave the apartment building, retrieve a shopping bag from a 1973 Chevrolet parked nearby and return to the building. Later, the petitioner, Santiago and an unidentified male emerged from the apartment, the first two men carrying shopping bags. Petitioner and Santiago deposited the bags in the 1973 Chevrolet and drove off. The surveillance team followed the car into New York City. When petitioner and Santiago alighted from the vehicle, they were placed under arrest and quantities of heroin, cocaine and other property were allegedly seized by the police. In February, 1979 petitioner was indicted in New York County for criminal possession of a controlled substance in the first and second degrees, and he later pleaded guilty to criminal possession in the third degree in satisfaction of the entire indictment. In April, 1979 petitioner.was indicted in Westchester County on two counts of criminal sale and four counts of criminal possession of a controlled substance. After the denial of petitioner's motion to dismiss the Westchester County indictment on the ground of double jeopardy, he commenced the instant proceeding. Although the alleged Yonkers sale is closely related in criminal purpose or objective to the possession charged in the New York County indictment and is thus part of a single criminal transaction (see CPL 40.10, subd 2, par [b]), the elements of the respective crimes and the underlying acts of selling and possession are sufficiently distinguish-

able to remove the bar of double jeopardy from prosecution under the counts of the Westchester indictment charging criminal sale (see CPL 40.20, subd 2, par [a]). Since the alleged sales took place entirely within Westchester County, New York County lacked geographical jurisdiction over that offense, which was therefore not joinable with the crimes charged in the New York County indictment (see CPL 40.40). However, as to the counts of the Westchester County indictment charging possession, it is impossible to determine, in the present posture of the case, whether the controlled substances underlying petitioner's guilty plea under the New York County indictment are the same or different from those which form the basis for the counts of possession charged in the Westchester County indictment, and we are thus unable to eliminate the possibility that petitioner is being "twice prosecuted for the same offense" (see CPL 40.20, subd 1), i.e., the continuous possession of illicit drugs from the time of the alleged Yonkers sale until the seizure incident to the arrest in New York City. Accordingly, we direct an evidentiary hearing on the question of whether further prosecution under the counts of the Westchester County indictment charging criminal possession is barred by double jeopardy. Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.