■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. HOPKINS, Appellant. — Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered August 18, 1981, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the second degree, and criminal mischief in the fourth degree. The charges against defendant stem from an incident occurring on August 15, 1979. About 2:30 P.M. the previous day, the 15-year-old victim was abducted at knifepoint in Fulton County. She was taken to a house in Johnstown where she spent the night tied between two posts in the attic. Allegedly she was sodomized and raped. The next morning defendant took her to a wooded area in Montgomery County where she was hit over the head and stabbed in the back. After hearing a noise defendant fled and the victim was taken to the Johnstown Hospital by one Patrick Boucher. Defendant was thereafter indicted in Fulton County and charged with kidnapping in the first degree, attempted rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and rape in the first degree. He was acquitted of all the charges. The instant indictment was handed down in Montgomery County charging defendant with attempted murder in the second degree, assault in the second degree and criminal mischief in the fourth degree. Prior to the present trial defendant moved, *inter alia,* for dismissal of the indictment on the grounds of double jeopardy and collateral estoppel. The motion was denied and after a trial defendant was found guilty as charged. He was sentenced to 8⅓ to 25 years on the attempted murder charge, 2⅓ to 7 years on the assault charge and one year on the criminal mischief charge. The sentences were to run concurrently with each other but consecutively to any other sentence defendant was presently serving.

This appeal ensued and defendant raises several issues urging reversal. We will first consider defendant's contention that the present trial was barred under CPL 40.40. More specifically defendant argues that the offenses charged in both Fulton and Montgomery County were based on the same criminal transaction (see CPL 40.10, subd 2; 200.20, subd 2, par [a]) and that the intent to murder the victim was formed in Fulton County. We disagree. The physical acts of attempted murder, the hitting and stabbing, clearly took place in Montgomery County and there is no evidence that the intent to commit the murder was formed in Fulton County as contended by defendant. No such intent can be inferred by defendant's statement that he was going to take the victim to the woods and "get [her] lost". Neither is there any proof as to where the words were spoken. Fulton County, under the circumstances, lacked geographical jurisdiction over the offense, which was, therefore, not joinable with the Fulton County offenses (see Vega v Rubin, 73 AD2d 658, 659). Furthermore, since the elements of the crime of attempted murder are substantially different from the crimes of rape and kidnapping and the underlying acts establishing the attempted murder are so distinguishable from those establishing the rape and kidnapping, separate prosecution is not precluded (CPL 40.20, subd 2, par [a]). Consequently, the present prosecution was not barred under CPL 40.40. We now pass to defendant's contention that the People are collaterally estopped from prosecuting him in the present case because of the prior acquittal in the Fulton County case. Again we disagree. Defendant's reliance on Ashe v Swenson (397 US 436) is misplaced. Here, defendant contends that the prior acquittal was solely the result of the People's inability to prove the identity of the victim's attacker. In the Ashe case the sole issue in both prosecutions was identity and the court stated in its opinion that the People had failed to establish that defendant was one of the robbers. Such is not the situation in the present case and defendant, in our view, has failed to sustain the difficult burden of showing that the jury verdict in the Fulton County case necessarily decided the issues raised in the present one (United States v Tramunti, 500 F2d 1334, 1346, cert den 419 US 1079). An examination of the record in the prior prosecution indicates that issues other than identity were presented and consequently collateral estoppel did not operate to bar the prosecution in Montgomery County. We also reject defendant's contention that the verdict is against the weight of the evidence. An examination of the record demonstrates that there is ample direct and circumstantial evidence to support the verdict. Finally, we find without merit defendant's argument that he was improperly convicted of assault in the second degree and criminal mischief on the grounds that those charges should have been dismissed pursuant to CPL 40.20 which bars separate prosecution for two or more offenses based on the same criminal transaction. It is claimed that these charges were part of the same criminal transaction as was the charge of attempted murder. Defendant, however, was not separately prosecuted on those three charges. Nor are the assault and criminal mischief charges lesser included offenses of the attempted murder charge as it is theoretically possible to commit the greater crime without at the same time committing the lesser (see People v Glover, 57 NY2d 61). Accordingly, the judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.