THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
KENNETH J. LINDSLY, Respondent.

Second Department, February 14, 1984

**APPEARANCES OF COUNSEL**

*Patrick Henry, District Attorney* (*Ronald E. Lipetz* of counsel), for appellant.

*Patrick Kevin Brosnahan, Jr.,* for respondent.

**OPINION OF THE COURT**

TITONE, J. P.

The People appeal from so much of an order of the County Court, Suffolk County, as granted the branch of defendant's motion that sought to dismiss an indictment on the ground of previous prosecution. At issue is whether the defendant's plea of guilty in a Village Justice Court to leaving the scene of an accident bars the prosecution of an

indictment charging two felony counts of operating a motor vehicle while under the influence of alcohol which arises out of the same incident. On the facts of this case, we hold that the separate prosecutions are permissible and, therefore, reverse the order of the County Court insofar as appealed from.

The salient facts are straightforward. During the early morning hours of September 27, 1982, defendant Kenneth Lindsly was stopped at the intersection of Routes 27A and 231 in Suffolk County by Suffolk County Police Officer William Whittier. He was issued an appearance ticket, returnable in Babylon Village Court on October 26, 1982, charging him with leaving the scene of an accident, a traffic infraction (Vehicle and Traffic Law, § 600, subd 1).

Defendant was then taken to the precinct, where a breathalyzer test was administered. On the basis of the results of this test, defendant was arraigned later that morning on two informations filed in Suffolk County District Court, both charging him with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subds 2, 3). Subsequently, the District Attorney filed a special information, pursuant to CPL 200.60 (subd 2), alleging a prior conviction within the past 10 years for operating a motor vehicle while under the influence of alcohol and, thereafter, the Grand Jury indicted defendant for two counts of operating a motor vehicle while under the influence of alcohol as a felony (see Vehicle and Traffic Law, § 1192, subd 5).

In the interim, defendant entered a plea of guilty in the Justice Court of the Village of Babylon to leaving the scene of an accident as a traffic infraction and paid a $50 fine. Urging, among other things, that this plea barred prosecution of the indictment, defendant made a motion to dismiss and for alternative relief. The County Court granted that branch of the motion which sought dismissal. We reverse.

■ At the outset, it is clear that traditional double jeopardy concepts are not applicable. The Fifth Amendment (US Const, 5th Amdt) strictures are not implicated because the elements of the offenses of leaving the scene of an accident and driving while under the influence of alcohol are not the same and the same evidence is not required

to prove each offense (see *Illinois v Vitale,* 447 US 410; *Blockburger v United States,* 284 US 299).

While the New York statutory provisions are somewhat broader, providing that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction" (CPL 40.20, subd 2; see *People v Rivera,* 60 NY2d 110, 114; *Matter of Wiley v Altman,* 52 NY2d 410, 413), at least two statutory exceptions control. The first permits a second prosecution when, as here, "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (CPL 40.20, subd 2, par [a]; see *People v Cornier,* 42 Misc 2d 963, 964-965). The second authorizes a second prosecution when "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil" (CPL 40.20, subd 2, par [b]; see *Matter of Kessler v Sherman,* 41 NY2d 851, affg 51 AD2d 52).

Quite plainly, the offenses involved are directed at different targets (compare *People v Rudd,* 41 AD2d 875 ["rationale" for offenses specified in section 1192 of the Vehicle and Traffic Law is "to reduce human suffering and carnage caused by drinking drivers"], with *People v Wenceslao,* 69 Misc 2d 160, 162-163, revd on other grounds *sub nom. People v Marzulli,* 76 Misc 2d 971 ["The primary purpose of section 600 of the Vehicle and Traffic Law is to prevent the evasion of civil liability by a motorist who may be liable for negligently causing damage by his leaving the scene of the accident"]). To the extent that *People v Montone* (82 Misc 2d 234, 236) is to the contrary, we note that its analysis is erroneous (see Pitler, New York Criminal Practice Under the CPL, § 1.35, 1979 Cum Supp, pp 39-40; *People v Green,* 89 Misc 2d 639), and it is disapproved. In any event, *either* statutory exception would preclude application of a previous prosecution bar.

More troublesome are the compulsory joinder provisions of CPL 40.40. Basically, that section prohibits a separate prosecution of joinable offenses that arise out of the same transaction and involve different and distinct elements "under circumstances wherein no violation of the double

jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions" (*People v Dean,* 56 AD2d 242, 246, affd 45 NY2d 651; see Pitler, New York Criminal Practice Under the CPL, § 1.34, 1979 Cum Supp, p 36).

There are two categories in which the preclusion is applied. The first bars a subsequent prosecution when "one of two or more joinable offenses * * * is charged in an accusatory instrument, and * * * another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and * * * either a trial of the existing accusatory instrument is commenced or the action therein is disposed of by a plea of guilty" (CPL 40.40, subd 2). Offenses are joinable in a single accusatory instrument if they arise out of the same criminal transaction and the court has subject matter and geographical jurisdiction over both of them (see *Vega v Rubin,* 73 AD2d 658; *People v Riley,* 58 AD2d 816; *People v Ruzas,* 54 AD2d 1083). In such cases, "[w]here the evidence against a person is in the prosecutor's hands, he may not — as a player in a game of chance — deal out indictments one at a time" (*Matter of Auer v Smith,* 77 AD2d 172, 189, app dsmd 52 NY2d 1070).

The second category protects an accused against piecemeal trials. It interdicts a second prosecution when two or more joinable "offenses are charged in separate accusatory instruments filed in the same court, and * * * an application by the defendant for consolidation thereof for trial purposes * * * is improperly denied" (CPL 40.40, subd 3; see *Matter of Auer v Smith, supra,* p 188; *People v Easterling,* 59 AD2d 537).

Inasmuch as the accusatory instruments were filed in separate courts, and, of course, no motion for consolidation was made, our concern is only with the first category (cf. *Weiner v New York State Dept. of Motor Vehicles,* 79 AD2d 1022, mot for lv to app den 53 NY2d 602; *Serignese v Henry,* 101 Misc 2d 982). We conclude that the separate prosecutions are permissible.

To be sure, if the charges were filed in the same court, the two initial accusatory instruments would have been

joinable (*People v Easterling,* 59 AD2d 537, *supra; Serignese v Henry,* 101 Misc 2d 982, *supra*). And, as *Easterling* holds, the subsequent filing of an indictment does not change this result. But here the first accusatory instrument was filed in the Justice Court of the Village of Babylon. Because that court was situated within a district of the Suffolk County District Court, it did not obtain general criminal jurisdiction over misdemeanors through the Uniform Justice Court Act (see UJCA 2300, subd [d], par 2). "The UJCA confers no jurisdiction on such village courts; whatever jurisdiction they have, civil or criminal, must be found in such laws, if any, as are specifically applicable to them" (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Part 2, UJCA 2300, 1983-1984 Pocket Part, p 246; see, also, 1965 Opns Atty Gen [Inf Opns] 94).

Examination of "the act creating" the Suffolk County District Court (see UJCA 2300, subd [d], par 2) reveals that the Legislature, as it had done previously in creating the Nassau County District Court (L 1936, ch 879), permitted village courts in the area to retain jurisdiction only of village ordinance violations and Vehicle and Traffic Law offenses committed within village limits "except in cases in which the charge is operating a motor vehicle or motor cycle while in an intoxicated condition" (L 1962, ch 811). The law "regulating the administration" of the Suffolk County District Court (see UJCA 2300, subd [d], par 2), the Uniform District Court Act, does not confer any additional criminal jurisdiction on village courts (UDCA 2001, 2101, subd [g]; 2300).*

It thus follows that the charges of driving while under the influence of alcohol could not have been joined in the Village Justice Court and therefore CPL 40.40 (subd 2) has no application (cf. *People ex rel. Meyer v Warden,* 269 NY 426; *Vega v Rubin,* 73 AD2d 658, *supra; People v Riley,* 58 AD2d 816, *supra*). The alternative holding of *People v*

---

* The general provisions contained in the CPL (CPL 10.10, subd 3, par [e]; 10.30) do not, of course, override the specific limitations set forth in the uniform court acts, as the Uniform Justice Court Act (§ 102) and the Uniform District Court Act (§ 102) expressly govern the *"jurisdiction* of and practice and procedure" in such courts (emphasis supplied). Any conflict between the CPL and the uniform court acts would, in any event, be resolved in favor of the latter (see *People v Mann,* 31 NY2d 253, 257-259).

*Montone* (82 Misc 2d 234, 236-237, *supra*), upon which the defendant relies, failed to recognize this jurisdictional limitation and is, therefore, disapproved.

For the reasons stated, the order should be reversed insofar as appealed from, on the law, defendant's motion denied to the extent that it sought dismissal on the ground of previous prosecution, the indictment reinstated, and the case remitted to the County Court for a determination on the merits of the remaining branches of defendant's motion.

MANGANO, O'CONNOR and BROWN, JJ., concur.

Order of the County Court, Suffolk County, dated February 7, 1983, reversed, insofar as appealed from, on the law, motion denied to the extent that it sought dismissal on the ground of previous prosecution, indictment reinstated, and case remitted to the County Court, Suffolk County, for a determination on the merits of the remaining branches of defendant's motion.