■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. DEMARCO, Appellant.—Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 20, 1989, convicting defendant upon his plea of guilty of the crime of attempted forgery in the second degree.

We reject defendant's contention that his prosecution for forgery was barred by the double jeopardy provisions of CPL 40.10 and 40.40. Although the two crimes (burglary and forgery) could be said to have arisen out of one criminal transaction (CPL 40.10 [2]), they were comprised of substantially different elements and were still separate crimes (see, CPL 40.20 [2] [a]; *People v Hopkins*, 95 AD2d 870). Additionally, the People established that at the time of the previous prosecution for burglary, they did not possess legally sufficient evidence to support a conviction for forgery against defendant (CPL 40.40 [2]; *see, People v Lindsly*, 99 AD2d 99). Therefore, separate prosecutions were permissible and County Court's refusal to dismiss the forgery indictment was proper.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

■ MARGARITE JONES, Appellant, v JOSEPH N. MARLEY et al., Respondents.—Appeal from an order of the Supreme Court (Lynch, J.), entered October 6, 1989 in Schenectady County, which granted defendants' motion to vacate a default judgment entered against them.

Defendants satisfied the necessary requirements to justify the vacatur of the default judgment entered against them. The failure to serve a timely answer was not willful and the excuse given, that defendants' insurance company misplaced the file, was reasonable (see, *Elgart v Raleigh Hotel Corp.*, 115 AD2d 165). Defendants also offered evidence in support of their claim of a meritorious defense. Given that the law favors the resolution of cases on their merits, Supreme Court did not abuse its discretion in granting the vacatur motion (see, *Tiger v Town of Bolton*, 150 AD2d 889).

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.