■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant. [597 NYS2d 98] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 30, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's claim that the indictment against him should have been dismissed because the charges against one of his codefendants were reduced to a misdemeanor, and later adjourned in contemplation of dismissal. The "mere unequal application of a statute fair on its face does not of itself violate equal protection and * * * only purposeful or intentional discrimination is prohibited" *(People v Acme Mkts.,* 37 NY2d 326, 330-331, citing *Snowden v Hughes,* 321 US 1, 8; *People v Goodman,* 31 NY2d 262). The defendant failed to establish not only "that the law was not applied to others similarly situated but also that the selective application * * * was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification" *(Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693).

The defendant's contention concerning the remarks made by the prosecutor during summation is unpreserved for appellate review (CPL 470.05 [2]; *People v Oliver,* 63 NY2d 973), and, in any event, without merit *(People v Ashwal,* 39 NY2d 105; *People v Galloway,* 54 NY2d 396). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.