OPINION OF THE COURT
Marjorie L. Byrnes, J.
This court is faced with a case of first impression involving *1007 procedural issues surrounding the disposition of miscellaneous nonfelony charges that were originally contained in a felony complaint held for action of the Grand Jury but ultimately not included in a prosecutor’s information or otherwise resolved in the Grand Jury. The issue presented is whether, and under what circumstances, a local court has jurisdiction over non-felony charges held for action of the Grand Jury as part of a felony complaint that were not presented to the Grand Jury by the District Attorney’s office. Charges that are, in essence, abandoned. This situation was created by the prosecutor’s failure to present evidence concerning the nonfelony charges held for action of the Grand Jury, which were transactional with a felony charge that was presented. The Monroe County Court Clerk’s office returned the nonfelony charges that were not presented to the Grand Jury to Rochester City Court. Because these “abandoned” offenses have already been returned to this court and appear on this court’s calendar, it is necessary for this court to rule on the issues presented.
HISTORY
On July 9, 1998, the defendant was charged with criminal possession of stolen property in the fourth degree, a class E felony (Penal Law § 165.45 [1]), aggravated unlicenced operation in the third degree, an unclassified misdemeanor (Vehicle and Traffic Law § 511 [1] [a]), and eight traffic infractions (Vehicle and Traffic Law § 306 [b]; § 319 [1]; § 381 [1]; § 381 [1]; § 381 [6]; § 410 [1]; § 1120 [a]; § 1163 [a]). All charges were transactional and contained in one felony complaint.
On August 20, 1998, pursuant to CPL 180.30 (1), this court ordered defendant held for the action of the Grand Jury and transmitted the entire file, including the felony complaint, to the Monroe County Court Clerk’s office. Thereafter, the District Attorney’s office partially presented the case to the Grand Jury, that is, the prosecutor presented only the felony possession of stolen property charge. He did not present evidence of the Vehicle and Traffic Law charges and did not direct the Grand Jury to take any action with respect to them. After hearing and examining the evidence presented, the Grand Jury directed the District Attorney to file a prosecutor’s information with this court charging defendant with unauthorized use of a vehicle in the third degree, a class A misdemeanor (Penal Law § 165.05 [1]). Obviously, no action was taken concerning the traffic charges inasmuch as no evidence concerning them was *1008 presented to the Grand Jury. On December 31, 1998, a prosecutor’s information was filed in this court. On April 19, 1999, the charge of unauthorized use of a vehicle in the third degree was dismissed on the grounds that the evidence presented to the Grand Jury did not support the charge (CPL 170.45, 210.20 [1] [b]; 210.45).
The remaining traffic charges that were not included in the prosecutor’s information or presented to the Grand Jury were transferred back to this court by the Monroe County Court Clerk’s office presumably as a means of calendar control. It appears that the Monroe County Court Clerk’s office transferred these charges back to this court to close out its file and dispose of “abandoned” charges. While this is a laudable purpose, this court questions the authority of the Monroe County Court Clerk to transfer to this court charges that this court ordered held for action of the Grand Jury, notwithstanding the fact that the only felony charged was returned to this court as a prosecutor’s information.
The prosecutor and the defense attorney were afforded an opportunity to be heard and present any memorandums of law. They respectfully declined.
LEGAL ANALYSIS
CPL 180.30 (1) states that when a court orders a defendant held for the action of the Grand Jury “with respect to the charge or charges contained in the felony complaint”, the court must promptly transmit to the superior court “the felony complaint, the supporting depositions and all other pertinent documents”. The statute further provides that “[u]ntil such papers are received by the superior court, the action is deemed to be still pending in the local criminal court”. In the present case, this court transmitted the felony complaint which included a felony charge and numerous other nonfelony charges. All charges contained in the felony complaint arose from the same criminal transaction. It is undisputed that the Monroe County Court Clerk’s office received the entire file, at which time this court was divested of jurisdiction over the action and jurisdiction was assumed by the superior court (see, People v Daniel P., 94 AD2d 83; People v Taylor, 176 Misc 2d 30). Once jurisdiction is assumed by the superior court, the local criminal court has no jurisdiction over the charges unless revested with jurisdiction by superior court order (see, People v Garrett, 117 Misc 2d 510; People v Fulcher, 97 Misc 2d 239).
Although CPL article 180 refers to transmittal of the “felony complaint”, a felony complaint may contain more than just a *1009 felony charge. A felony complaint must contain at least one felony charge (CPL 1.20 [8]; 100.10 [5]) but may also include misdemeanors and violations when part of a single criminal transaction (CPL 100.10 [5]; 100.15 [2]; 200.20 [1], [2]; see also, e.g., People v Le Blanc, 165 Misc 2d 882 [accusatory instrument charging felony and two misdemeanors is a felony complaint]; People v Barclift, 97 Misc 2d 994).
After the felony complaint was transferred, the District Attorney’s office made the decision to present only the felony charge contained in the felony complaint to the Grand Jury, although it clearly had the option to submit to the Grand Jury evidence concerning the traffic charges (see, CPL 190.55 [2] [c] [“A district attorney may submit to a grand jury any available evidence concerning an offense prosecutable in the courts of the county”]). Because the prosecutor who presented the case to the Grand Jury did not present evidence concerning the traffic charges and gave no direction to the Grand Jury to dismiss those charges, the Grand Jury took no action concerning them, although it directed the prosecutor to file in this court a prosecutor’s information charging unauthorized use of a vehicle in the third degree, a misdemeanor (see, CPL 190.60, 190.70). Technically, the traffic charges are still “pending” Grand Jury action.
The Monroe County Court Clerk’s office lacks authority to transfer the traffic charges back to this court. No statute authorizes the Monroe County Court Clerk to transfer back to local court charges that the prosecutor elects not to present to the Grand Jury. Therefore, the traffic charges cannot be summarily returned to local court (see, People v Morel, 157 Misc 2d 94, 96 [court not permitted to add offenses to prosecutor’s information which were not voted by Grand Jury]). Only a superior court may order charges pending Grand Jury action transferred to local court — if they have statutory authority to do so. Clearly, it is well settled that neither superior courts nor local courts have inherent authority to dispose of criminal cases in ways the Legislature never specifically authorized (see, Matter of Morgenthau v Roberts, 65 NY2d 749; People v Douglas, 60 NY2d 194; Lortz v Lortz, 162 Misc 2d 539; People v Leonardo, 141 Misc 2d 526; see also, People v Mezon, 80 NY2d 155, 159). As these charges are technically still pending action of the Grand Jury, this court has no jurisdiction over the charges.
The result would be the same if the felony and nonfelony charges were initially contained in separate accusatory instruments but “joined” or “consolidated” prior to holding the felony *1010 complaint for action of the Grand Jury (see, CPL 40.40, 100.15 [2]; 200.20 [1], [2]; see also, People v Lindsly, 99 AD2d 99 [offenses are joinable in one accusatory instrument if arise out of same criminal transaction], lv withdrawn 62 NY2d 987; People v Easterling, 59 AD2d 537 [a simplified information may be joined with felony complaint if filed in same court and same criminal transaction]).
The result might be different if the felony and nonfelony charges were contained in separate accusatory instruments but not joined or consolidated prior to holding the matter for action of the Grand Jury. In this situation, it is arguable that the local court had no jurisdiction to hold for Grand Jury action an accusatory instrument charging a nonfelony offense even though transactional with a charge contained in the felony complaint. That situation, however, is not before this court.
For all of the aforementioned reasons, the traffic charges transferred to this court by the Monroe County Court Clerk’s office are returned to it.