■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE COLE, Respondent. [761 NYS2d 346] —Mercure, J. (1) Appeal from an order of the Supreme Court (Teresi, J.), entered September 24, 2002 in Albany County, which granted defendant's motion to dismiss counts two and three of the indictment, and (2) proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit

respondents from retrying petitioner on the ground of constitutional collateral estoppel.

In November 2000, a grand jury indicted defendant, charging him with the crimes of murder in the second degree, manslaughter in the first degree and manslaughter in the second degree. At trial, the People alleged that defendant strangled Stephen Panza when he refused to pay for two pieces of crack cocaine that defendant attempted to sell him. Defendant presented evidence that the victim died from a cocaine overdose and that his struggle with Panza resulted when Panza refused to allow defendant to exit the car that Panza was driving. Defendant did not dispute the attempted drug sale and Supreme Court granted the People's *Molineux* request that they be permitted to introduce the facts of the underlying drug transaction.

At the close of proof, Supreme Court submitted the three counts of the indictment and a lesser included offense of criminally negligent homicide to the jury. The jury acquitted defendant of murder in the second degree and manslaughter in the first and second degrees, but deadlocked on the charge of criminally negligent homicide. Supreme Court accepted a partial verdict and discharged the jury.

The People subsequently indicted defendant for the crimes of criminally negligent homicide, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. All counts were based on the same circumstances as those involved in the prior trial. Defendant moved to dismiss all counts in the second indictment, arguing that they were barred by the prohibition in CPL 40.40 against separate successive prosecutions arising out of the same criminal transaction. Alternatively, defendant sought dismissal of the counts under a theory of constitutional collateral estoppel. Supreme Court dismissed the drug-related charges, holding that prosecution of those charges was barred by CPL 40.40 (2), but permitted retrial on the charge of criminally negligent homicide. The People appeal from so much of Supreme Court's order as dismissed the counts alleging defendant's criminal sale and possession of cocaine. Defendant commenced a CPLR article 78 proceeding in this Court seeking a writ of prohibition preventing retrial on the charge of criminally negligent homicide.

With respect to dismissal of the drug-related charges, we agree with defendant and Supreme Court that CPL 40.40 (2) prohibits prosecution under the circumstances presented here. That provision states: "When (a) one of two or more joinable of-

fenses [as defined by CPL 220.20 (1) (a)] * * * is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, any subsequent prosecution for the uncharged offenses is thereby barred" (CPL 40.40 [2]). This provision acts to bar separate prosecutions where " 'no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions' " (*People v Lindsly,* 99 AD2d 99, 101-102 [1984], quoting *People v Dean,* 56 AD2d 242, 246 [1977], *affd* 45 NY2d 651 [1978]; *see Matter of Auer v Smith,* 77 AD2d 172, 189-190 [1980], *appeal dismissed* 52 NY2d 1070 [1981] [citing a Practice Commentary written by the drafter of CPL 40.40, Justice Denzer, for the same proposition]; *People v Ruzas,* 54 AD2d 1083, 1083-1084 [1976] [same]; *see generally* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.40, at 100).

Here, the drug offenses were based on the same criminal transaction as the charges of which defendant was acquitted and, thus, they were "joinable" within the meaning of the statute (*see* CPL 40.10 [2]; 200.20 [2] [a]). In addition, the record demonstrates that at the time defendant's trial commenced, the People had legally sufficient evidence to support a conviction of defendant on the drug charges. Although the People argue that the drugs had not been tested at the time of trial, the alleged drug sale and, by implication, the authenticity of the drugs, was an integral component of their proof. Indeed, the People strenuously argued for the inclusion of the evidence surrounding the two pieces of crack cocaine on the ground that the drugs were "inextricably interwoven" with the rest of the case and provided evidence of motive. Inasmuch as the drug charges were joinable and the People possessed sufficient evidence to sustain those charges at the time of commencement of the prior trial, prosecution of the charges is barred by CPL 40.40. Contrary to the People's argument that CPL 40.40 does not apply where prosecution is permitted under CPL 40.20, CPL 40.40 (1) provides that "under circumstances prescribed in this section," a person may not be separately prosecuted for offenses based upon the same criminal transaction "even though such separate prosecutions are not otherwise barred by any other section of this article" (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.20, at 15-16 [indicating that the "limitations (in CPL 40.40) apply

notwithstanding the fact that separate crimes qualify for separate prosecution under the exceptions listed in paragraphs (a) through (h)" of CPL 40.20 (2)]; *cf. People v Hilts,* 224 AD2d 824, 825 [1996], *lv denied* 88 NY2d 937 [1996] [concluding that under the circumstances presented in that case, the equities permitted separate prosecutions]).

We reject, however, defendant's related argument that the principle of constitutional collateral estoppel prohibits his retrial on the charge of criminally negligent homicide. Defendant asserts that his acquittal of murder and manslaughter established the fact that he did not cause Panza's death. Defendant contends that the People should not be permitted to offer a different theory in the second indictment—that he caused Panza's death by "wrapping [his] arms around Mr. Panza's head and neck and squeezing Mr. Panza's neck" instead of strangling Panza, as alleged in the first indictment—in order to increase their chances of success at the second trial.

"Collateral estoppel, or issue preclusion, applies in criminal prosecutions 'to bar relitigation of issues necessarily resolved in defendant's favor at an earlier trial'" (*People v Hilton,* 95 NY2d 950, 952 [2000], quoting *People v Acevedo,* 69 NY2d 478, 484-485 [1987]; *see People v Goodman,* 69 NY2d 32, 37 [1986]). Contrary to defendant's argument that he conclusively established that the cause of Panza's death was "cardiac arrhythmia due to cocaine toxicity," the jury informed Supreme Court that nine of its members had a reasonable doubt regarding whether defendant strangled Panza, while the remaining three members believed that Panza expired as a result of asphyxia due to neck compression. The jury stated that it was deadlocked on the elements, the cause of death and the defense of justification. A rational reading of the record of the first trial leads to the conclusion that the jury's decision to acquit on the manslaughter and murder offenses was based on a finding that defendant did not possess the requisite state of mind to commit those offenses (*compare* Penal Law § 125.25 [2]; § 125.20 [1] and § 125.15 [1], *with* Penal Law § 125.10). Thus, defendant has failed to meet "his heavy burden of showing that the jury's verdict in the first trial (i.e., its acquittal of the [murder and manslaughter] offense[s]) '*necessarily* decided a particular factual issue' to be decided in any retrial" (*Matter of Baim v Eidens,* 279 AD2d 787, 789-790 [2001], quoting *People v Acevedo, supra* at 487 [emphasis in original]), i.e., the cause of Panza's death.

Moreover, we observe that following a partial verdict, CPL 310.70 (2) (a) expressly permits retrial of any offense on which

the jury deadlocked "unless * * * [a] verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense." No inconsistency exists here inasmuch as the jury could have convicted defendant of the criminally negligent homicide charge, a lesser included offense, notwithstanding the fact that it acquitted him of the murder and manslaughter charges (*see e.g. People v Stanfield,* 36 NY2d 467, 471-472 [1975]). Accordingly, Supreme Court properly denied defendant's motion to dismiss the criminally negligent homicide charge in the second indictment.

We have considered defendant's remaining arguments and find them to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed. Adjudged that the petition is dismissed, without costs.