THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. DODGE, Appellant. [833 NYS2d 789]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered August 16, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), grand larceny in the second degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of burglary in the second degree (Penal Law § 140.25 [2]), and one count each of grand larceny in the second degree (§ 155.40 [1]) and grand larceny in the third degree (§ 155.35). Contrary to the contention of defendant, County Court did not abuse its discretion in granting the People's request for a missing witness charge (see generally People v Savinon, 100 NY2d 192, 197 [2003]). The significance of the missing witness did not become apparent until a defense witness testified, and the People requested the charge "as soon as practicable" (People v Gonzalez, 68 NY2d 424, 428 [1986]; see People v Badine, 301 AD2d 178, 181 [2002]). Contrary to defendant's contentions, there was no basis for the court to conclude that the missing witness was "likely to invoke" his Fifth Amendment privilege against self-incrimination if called as a witness (People v Macana, 84 NY2d 173, 177 [1994]), and the fact that the missing witness might have been in federal custody did not conclusively establish his unavailability (see Savinon, 100 NY2d at 198 n 5; see also CPL 670.10 [1]).

On the record before us, there is no constitutional double jeopardy violation (*see People v Lennon*, 80 AD2d 672, 672-673 [1981]; *see also People v Abbamonte*, 43 NY2d 74, 81 [1977]), and defendant's contention concerning statutory double jeopardy is not preserved for our review (*see People v Biggs*, 1 NY3d 225, 231 [2003]; *People v Dodson*, 48 NY2d 36, 38 [1979]; *People v Michallow*, 201 AD2d 915 [1994], *lv denied* 83 NY2d 874 [1994]). Similarly, defendant failed to preserve for our review his contention concerning the prosecutor's use of the term "professional thief" to describe defendant (*see People v Gates*, 6 AD3d 1062, 1063 [2004], *lv denied* 3 NY3d 659 [2004]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Indeed, we note with respect to the contention concerning the use of the term "professional thief" that defendant used that term when asked to provide his occupation to police officers during the booking process after his arrest.

Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), defendant's contentions concerning the alleged legal insufficiency of the evidence are not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we conclude that the alleged *Rosario* and *Brady* violations would constitute harmless error in light of the overwhelming evidence of defendant's guilt (*see People v Vilardi*, 76 NY2d 67, 77 [1990]; *People v Robinson*, 267 AD2d 981 [1999], *lv denied* 95 NY2d 838 [2000]). We thus conclude that the court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 on those grounds. Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.