THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MADDEN, Appellant. [856 NYS2d 344]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]), arising out of a vehicle chase in which defendant led the police through the Towns of Chili and Henrietta. The crimes at issue in this appeal were committed in the Town of Henrietta. We agree with defendant that he did not validly waive his right to appeal with respect to the denial of that part of his omnibus motion concerning the alleged violation of his statutory double jeopardy rights. Although defendant agreed with County Court's statement that, by pleading guilty, defendant was "giving up [his] right to appeal the double jeopardy issue," we conclude that the interchange between the court and defendant does not constitute a valid waiver by defendant of the

right to appeal with respect to the statutory double jeopardy issue. "When a trial court characterizes an appeal as [a right] automatically extinguished upon entry of a guilty plea, a reviewing court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (*People v Lopez*, 6 NY3d 248, 256 [2006]). Here, the record does not "establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*id.*).

Contrary to the further contention of defendant, however, we conclude that the court properly determined that there was no statutory double jeopardy violation. The record establishes that, prior to being indicted for the offenses committed in the Town of Henrietta, defendant pleaded guilty to traffic offenses pending in the Town of Chili arising out of the same incident. Defendant did not move for consolidation of the charges and, pursuant to CPL 40.40, "the prohibition against separate prosecution of jointly prosecutable offenses applies *only* if the defendant has requested consolidation thereof for trial purposes and the request is denied" (*People v Dean*, 56 AD2d 242, 246 [1977], *affd* 45 NY2d 651 [1978], *rearg denied* 46 NY2d 940 [1979]). Although defendant contends for the first time on appeal that there was a constitutional double jeopardy violation, he is not required to preserve that contention for our review (*see People v Biggs*, 1 NY3d 225, 231 [2003]), and the contention survives his guilty plea (*see People v Hansen*, 95 NY2d 227, 231 n 2 [2000]). We further conclude on the record before us, however, that there was no constitutional double jeopardy violation (*see People v Dodge*, 38 AD3d 1324, 1325 [2007], *lv denied* 9 NY3d 874 [2007]; *see generally Biggs*, 1 NY3d at 228-229). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.