■ In the Matter of KINGS POINT HOLDINGS, LLC, Appellant, v KINGS POINT VILLAGE JUSTICE COURT et al., Respondents. [922 NYS2d 94]—

In a proceeding pursuant to CPLR article 78 to prohibit the respondents from prosecuting six summonses and issuing any additional summonses for alleged violations of Kings Point Village Code § 161-50.2 (A) on the ground that any such actions are barred by a previous prosecution, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), dated November 4, 2009, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Kings Point Holdings, LLC (hereinafter KPH), is the owner of residential property located on Kings Point Road in the Village of Kings Point. In May 2008, after receiving approval from the Army Corps of Engineers and a permit from the New York State Department of Environmental Conservation (hereinafter the DEC), KPH performed certain alterations to an existing dock adjacent to the subject premises.

On June 9, 2008, after complaints were received and an inspection was conducted, KPH was issued a summons for violating Kings Point Village Code § 161-50.2 (A), which prohibits the construction of a dock without a permit issued by the Kings Point Building Department. Subsequently, in August 2008, KPH commenced certain work necessary to bring the dock into compliance with the permit previously issued by the DEC. KPH, after receiving and rejecting a "Stop Work Order" from the Building Inspector, was then, on six separate occasions between August 11, 2008, and September 4, 2008, issued summonses for additional violations of Kings Point Village Code § 161-50.2 (A). KPH, which entered a plea and paid a fine in satisfaction of the summons issued on June 9, 2008, commenced the instant proceeding pursuant to CPLR article 78 to prohibit the respondents from prosecuting any of the six outstanding summonses and from issuing any additional summonses on the ground that any such actions violate the prohibition against double jeopardy. KPH also alleged that it was the victim of selective and discriminatory prosecution due to personal animus against its principal, Adam Katz.

Contrary to KPH's contentions, the Supreme Court properly concluded that there was no statutory double jeopardy violation (*see generally People v Dean*, 56 AD2d 242, 246 [1977], *affd* 45 NY2d 651 [1978]). The outstanding summonses are not based upon the same act as that for which the summons dated June 9, 2008, was issued, and additional prosecutions for separate and distinct violations of law do not violate KPH's rights as prescribed in CPL 40.20 (*see Matter of Kessler v Sherman*, 51 AD2d 52 [1975], *affd* 41 NY2d 851 [1977]). Moreover, CPL 40.40,

which prohibits separate prosecution of jointly prosecutable offenses, "applies *only* if the defendant has requested consolidation thereof for trial purposes and the request is denied" (*People v Dean*, 56 AD2d at 246; *see People v Madden*, 49 AD3d 1264, 1265 [2008]; *Weiner v New York State Dept. of Motor Vehs.*, 79 AD2d 1022 [1981]). Here, KPH did not move to consolidate the outstanding summonses with the summons issued June 9, 2008.

Finally, while intentional or purposeful discrimination in the administration of an otherwise nondiscriminatory law violates equal protection (*see Yick Wo v Hopkins*, 118 US 356 [1886]; *People v Goodman*, 31 NY2d 262, 268 [1972]), KPH failed to meet its " 'heavy burden' " of showing " 'conscious, intentional discrimination' " (*People v Goodman*, 31 NY2d at 268, quoting *People v Utica Daw's Drug Co.*, 16 AD2d 12, 19 [1962]) or a "consciously practiced pattern of discrimination" (*People v Goodman*, 31 NY2d at 268, citing *People v Friedman*, 302 NY 75 [1950]; *see People v Acme Mkts.*, 37 NY2d 326, 330 [1975]; *People v Rodriguez*, 192 AD2d 683 [1993]). KPH did not submit evidence establishing that the law was not applied to others similarly situated, or that the " 'selective application . . . was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification' " (*People v Rodriguez*, 192 AD2d at 683, quoting *Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979]).

Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.