# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**822**

**KA 09-00154**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

DAN TABOR, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (MARK C. CURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 11, 2008.  The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of assault in the second degree under indictment No. I 2008-104 and dismissing that indictment and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the second degree (Penal Law § 120.05 [2]).  The charges arose from an incident in 2004, in which defendant struck a male victim and a female victim with a chain, causing physical injury to both victims.  In 2004, defendant was indicted on one count of assault in the second degree for the attack upon the female victim (indictment No. I 2004-483), and that matter proceeded to trial in 2005.  Both victims testified at trial, and defendant was convicted as charged.  We reversed that judgment of conviction on the ground that County Court erred in summarily denying defendant's request to proceed pro se, and we granted defendant a new trial (*People v Tabor*, 48 AD3d 1096).

Prior to commencing the second trial, the People obtained a second indictment in 2008 charging defendant with assault in the second degree with respect to the male victim in the 2004 attack (indictment No. I 2008-104), and the two indictments were joined for trial based on the People's contention that "[b]oth indictments alleged defendant committed the same crime during the same criminal transaction."  Defendant now appeals from the judgment of conviction upon the consolidated indictment.

Defendant failed to preserve for our review his contention that the People were barred by CPL 40.40 from prosecuting him in the second trial for the assault upon the male victim because the two assaults were joinable offenses and, when the trial commenced on the first indictment, the People had sufficient evidence to support a conviction of that assault (*see People v Prescott*, 104 AD2d 610, 611, *affd* 66 NY2d 216, *cert denied* 475 US 1150; *see generally People v Biggs*, 1 NY3d 225).  We exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that defendant's contention has merit.

"When (a) one of two or more joinable offenses [that are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction] is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the [P]eople of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) . . . a trial of the existing accusatory instrument is commenced . . ., any subsequent prosecution for the uncharged offense is thereby barred" (CPL 40.40 [2]).  Thus, CPL 40.40 "prohibits a separate prosecution of joinable offenses that arise out of the same transaction and involve different and distinct elements 'under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions' " (*People v Lindsly*, 99 AD2d 99, 101-102, quoting *People v Dean*, 56 AD2d 242, 246, *affd* 45 NY2d 651, *rearg denied* 46 NY2d 940).  Here, in their motion to consolidate the two indictments, made after the judgment convicting defendant upon the 2004 indictment was reversed, the People correctly conceded that both assault charges were part of the same criminal transaction.  As noted, the male victim also testified at the first trial.  "Inasmuch as the [assault] charges were joinable and the People possessed sufficient evidence to sustain those charges at the time of commencement of the prior trial, prosecution of the [assault charge against the male victim] is barred by CPL 40.40" (*People v Cole*, 306 AD2d 558, 560, *lv denied* 100 NY2d 515).  We agree with defendant that, "[w]here the evidence against a person is in the prosecutor's hands, he [or she] may not--as a player in a game of chance--deal out indictments one at a time" (*Lindsly*, 99 AD2d at 102).  We therefore modify the judgment with respect to indictment No. I 2008-104 accordingly.

We need not address defendant's remaining contention in light of our determination.

Entered:  August 19, 2011                    Patricia L. Morgan
                                             Clerk of the Court