Malone Jr., J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered January 11, 2012, which granted defendant’s motion to dismiss the indictment.
On May 22, 2009, as defendant exited the St. Lawrence County Courthouse following his Family Court proceeding, he verbally accosted his estranged wife’s friend while swinging his cane toward her. Thereafter, while officers were attempting to *816 arrest and remove defendant from his car in the courthouse parking lot, he punched an officer in the face, fracturing the orbital bone below the officer’s left eye. Defendant was subdued, arrested and charged by information with one count of harassment in the second degree based upon his conduct toward his wife’s friend and by felony complaint with assault in the second degree based upon his striking and injuring the officer. The information and felony complaint were both filed in the Village of Canton Justice Court on the same day. Subsequently, the facts underlying the charge of assault in the second degree were presented to a grand jury and defendant was indicted on that charge. The harassment charge remained pending in the Justice Court and, in January 2010, defendant pleaded guilty there to that charge. Defendant thereafter moved to dismiss the indictment on the basis that its prosecution was barred by statutory double jeopardy provisions. County Court agreed with defendant’s argument that the disposition of the prosecution of the harassment charge in Justice Court and the subsequent prosecution of the assault charge in County Court constituted separate prosecutions of joinable offenses arising out of the same criminal transaction as proscribed by CPL 40.40 and dismissed the indictment. The People now appeal.
Under the circumstances presented here, separate prosecutions of these offenses are not prohibited by the applicable statutory double jeopardy provisions. CPL 40.40 (2) prohibits the “subsequent prosecution [of an] uncharged offense” arising out of the same criminal transaction as a charged offense “[w]hen (a) one of two or more joinable offenses ... is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the [P]eople of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty.” Here, defendant was initially charged with both offenses on the same day and in the same court, thereby rendering the provisions of CPL 40.40 (2) inapplicable. The subsequent removal of one of the offenses to County Court by the filing of an indictment does not alter this result (see CPL 100.50; People v Lindsly, 99 AD2d 99, 102-103 [1984]; People v Easterling, 59 AD2d 537, 538 [1977]; see also People v Lanahan, 276 AD2d 906, 909 [2000], lv denied 95 NY2d 965 [2000]).
The provisions of CPL 40.40 (3) are also inapplicable to the facts of this case. That section bars separate prosecutions where “(a) two or more [joinable] offenses are charged in separate ac *817 cusatory instruments filed in the same court, and (b) an application by the defendant for consolidation thereof for trial purposes, pursuant to [CPL 200.20 (5)] or [CPL 100.45], is improperly denied.” Defendant never sought consolidation of the charges and, therefore, cannot now seek the protection against separate prosecutions offered by CPL 40.40 (3) (see People v Madden, 49 AD3d 1264, 1265 [2008], lv denied 10 NY3d 936 [2008]; People v Dean, 56 AD2d 242, 246 [1977], affd 45 NY2d 651 [1978]).
Finally, we find that the circumstances of this case fall within an exception to the mandatory joinder provisions set forth in CPL 40.20 (2). As is relevant here, pursuant to that section, “[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless . . . [e]ach offense involves death, injury, loss or other consequence to a different victim” (CPL 40.20 [2] [e]). The offenses charged in this case are based upon criminal conduct involving different victims and, therefore, separate prosecutions are statutorily permissible.
Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Ordered that the order is reversed, on the law, motion denied and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court’s decision.