◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY A. LYNCH, Appellant. [983 NYS2d 838]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Condon, J.), rendered October 19, 2011, convicting him of criminal possession of a forged instrument in the second degree, identity theft in the first degree, and offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly concluded that there was no statutory double jeopardy violation (*see* CPL 40.20; *Matter of Kings Point Holdings, LLC v Kings Point Vil. Justice Ct.*, 83 AD3d 714, 715 [2011]; *People v Dean*, 56 AD2d 242, 245-246 [1977], *affd* 45 NY2d 651 [1978]). The crimes for which the defendant was prosecuted in Suffolk County were not based upon the same criminal transaction as the crime for which he was prosecuted in Westchester County

(*see* CPL 40.10 [2]; *People v Dallas*, 46 AD3d 489, 490 [2007]). The Westchester County prosecution involved a separate offense, which arose out of the defendant's possession of a different forged instrument than the one at issue in the Suffolk County prosecution.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.